## B. W. BURNHAM *v.* E. C. HART.

Attorneys' fees cannot be recovered as damages, in a redhibitory action.

The plaintiff in a redhibitory action is entitled to recover, as damages and interest, five per cent. per annum on the price paid for the thing affected with the redhibitory vice, from the date of the sale.

The defendant in such an action is entitled to five per cent. per annum interest, from his warrantor, from judicial demand.

APPEAL from the District Court of the parish of Caddo, *Jones, J.*
  *Hodge & Austin*, for plaintiff. *Landrum & Williamson*, for defendant. *L. M. Nutt*, for warrantor and appellant.

LAND, J. This is a redhibitory action to avoid the sale of a slave, and recover back the price, expenses and damages, on the ground of the existence of the defect or vice of *blindness* at the time of the sale.

The defendant called his vendor in warranty.

The slave was a boy some ten or eleven years of age, and the evidence adduced satisfied the jury who tried the case, and satisfies us, that the slave was affected with the vice of blindness, resulting from an organic disease of the optic nerve (which is shown to be incurable) at the time he was sold by the defendant to the plaintiff, and also at the time he was sold by the warrantor to the defendant.

The blindness of the slave, however, was not sufficiently total, as to come within the class of apparent defects or vices, for the existence of any one of which the vendor is not liable, on his obligations of warranty.

The judgment is in favor of the plaintiff, and also in favor of the defendant over against his warrantor; but the judgment which is in favor of the plaintiff awards to him the sum of one hundred and fifty dollars, as damages for attorneys' fees, in addition to the price, and the expenses incurred on account of the slave.

This court has held, and the jurisprudence is now considered settled, that attorneys' fees cannot be recovered as damages, under Art. 2482 of the Civil Code. 19 La. 360, 13 An. 195, ibid 499. And as the word "damages" used in Art. 2482 is used in a sense *not less limited* or *less general* than it is in Art. 2523 of the Civil Code, there is no reason why the same word of the same legal import should be differently construed, and, under one Article of the Code held to exclude attorneys' fees, as damages, and, under the other Article of the Code, held to include them as damages. The judgment is, therefore, in this respect, erroneous.

The plaintiff, as appellee, has prayed for an amendment of the judgment against the defendant; and the latter, as appellee in relation to the warrantor, has prayed for an amendment of the judgment against him.

The plaintiff claims five per cent. per annum interest on the price paid, from the date of the sale; and to this he is entitled, as damages and interest, under

Articles 2523 and 1932 of the Code,—*as damages under the former Article,* and as interest under the latter, from the time of default.

The defendant claims five per cent. per annum interest from his warrantor, from judicial demand; and to this he is entitled under Article 1932 of the Code.

It is, therefore, ordered, adjudged and decreed, that the judgment, as between the plaintiff and the defendant, be amended, and that the sum of one hundred and fifty dollars allowed as damages for attorneys' fees, be rejected; and that the plaintiff recover of the defendant, as damages and interest, five per cent. per annum on the price paid, to-wit, $1000, from the date of the sale, to-wit, the 7th day of May, 1857; and that the judgment thus amended be affirmed, at plaintiff's costs in this court. And it is further ordered, adjudged and decreed, that the judgment, as between the defendant and his warrantor, be also amended, and that the defendant recover of his warrantor five per cent. per annum interest on the price paid, to-wit, $800, from judicial demand; and that this judgment thus amended be affirmed, with costs in both courts.