321 So.2d 797 (1975)
Donald Edward PHILLPOTT
v.
Cony Pena, wife of Donald Edward PHILLPOTT.
No. 7074.
Court of Appeal of Louisiana, Fourth Circuit.
November 11, 1975.
Philip R. Riegel, Jr., Sydney J. Parlongue, New Orleans, for plaintiff-appellant.
Band, Hopkins & Martin, Clyde P. Martin, Jr., New Orleans, for defendant-appellee.
Before STOULIG, BOUTALL and BEER, JJ.
STOULIG, Judge.
Appellant, Donald Edward Phillpott, obtained a judgment of divorce against his wife, Cony Pena Phillpott, based on their having voluntarily lived separate and apart for two years.[1] Appellee was awarded $75 per week alimony and $100 per week child support, the amounts she requested in her reconventional demand. Prior to this trial, she was receiving $125 per week, $50 alimony *798 pendente lite and $75 support for their two children. It is from that portion of the judgment awarding alimony and child support that the husband has appealed.
In the trial court appellant unsuccessfully contended his wife must prove her freedom from fault as required by C.C. art. 160 before she was entitled to alimony. Because Mrs. Phillpott had obtained a judgment of separation on a finding of her husband's fault,[2] the trial court properly refused to hear evidence on the issue of her fault. While this matter was pending on appeal, the Supreme Court held in Frederic v. Frederic [3] that a wife who proves her husband's fault in a suit for separation is, by implication, herself free from fault and she need not relitigate the issue of fault in a subsequent suit for permanent alimony.
Thus appellant limits his appeal to these questions:
1. Is his wife lacking sufficient "means for her support" within the meaning of C.C. art. 160[4] when she owns real estate valued in excess of $28,000?
2. Alternatively, if the wife is entitled to alimony, did the trial court award a combined child support and alimony judgment beyond the husband's ability to pay?
3. Did the evidence establish a change in circumstances sufficient to justify an increase from $125 to $175?
It is not disputed Mrs. Phillpott owns as separate property the home where she lives with her children. It was purchased for $28,000 by Mrs. Phillpott's father prior to her marriage to appellant and is not encumbered by a mortgage. There is no evidence as to its present market value. Mrs. Phillpott testified she was unable to qualify for a mortgage loan to repair her home because of the high monthly payments involved.
Appellant cites several Supreme Court decisions holding that a wife must deplete her assets before she can be deemed to have insufficient means for her support and to be eligible for permanent alimony.
The cases are distinguishable. Frederic v. Frederic, 302 So.2d 903 (La.1974), held a wife with a net community interest of $94,450 was not entitled to the pension for her maintenance provided by C.C. art. 160 and there was no question of child support. Smith v. Smith[5] held that a wife having $20,000, derived from a partition of the community, must first deplete her assets before she could claim permanent alimony. In the Smith case $125 monthly had been awarded for one child but this aspect of the judgment was not at issue. Stabler v. Stabler,[6] a case where the divorced wife had no dependents, held she must use *799 $20,000 in assets before she is entitled to claim alimony.
What makes this case distinguishable from those relied upon by appellant is that Mrs. Phillpott is using her separate property to shelter herself and her children. Were we to require her to sell the house now badly in need of repairand apply the cash proceeds to her maintenance, we would have to increase the child support to allow rent payments for the children. We reached this same result in Nicolle v. Nicotic[7]
The Smith and Frederic results were influenced by an equitable evaluation of the relative financial positions of husband and wife, and in both cases the Court concluded it would be inequitable for the wife to conserve her assets while the husband, to meet alimony payments, would be required to deplete his. That is not a consideration in this case. On a long-term basis, it would create greater economic havoc to require the wife to dispose of the family residence because then the child support judgment would have to be increased to permit payment of rent for the children. We therefore hold the wife, under these circumstances, need not sell the family residence before she is entitled to alimony.
We next consider the second issue amount. In increasing appellant's total weekly payment from $125 to $175 we conclude the judgment imposes an unreasonable financial burden on Mr. Phillpott. His net income is $230 per week and his living expenses are $161 per week. After paying the judgment he would be left with $55 weekly for his own support and maintenance. The total needs of the Phillpotts in maintaining separate households is approximately $350, which exceeds Mr. Phillpott's income by $120 weekly. In reviewing the itemized expenses of both litigants we find them modestly stated and would not suggest what expense either litigant could eliminate. But it is mathematically impossible to satisfy the needs of both. We do think the award of child support and alimony were improvidently increased because it is obviously impossible for Mr. Phillpott to manage his own expenses with $55 per week. Under the previous judgment, he had only $105 weekly to maintain himself andunlike his wifehe is required to pay monthly rent.
Appellee's argument that we consider the gross and not the net income in awarding alimony is untenable in this case because Mr. Phillpott testified he was required to pay additional taxes to the federal and state governments each year because his withholdings were insufficient to cover his full tax liability. We accordingly amend the judgment to award Mrs. Phillpott $50 per week alimony and $75 per week child support.
Since we have reinstated the amount of alimony and child support initially awarded in the separation proceedings, we need not consider appellant's third assignment of error that there was not shown a sufficient change in circumstances to warrant the increase in alimony and child support.
For the reasons assigned, the judgment appealed from is amended to decrease the award of alimony to Mrs. Cony Pena Phillpott from $75 to $50 per week and to decrease the child support for the children Donna and Douglas Phillpott from $100 to $75 per week. In all other respects the judgment appealed from is affirmed. Appellee is to pay the cost of this appeal.
Amended and affirmed.
NOTES
[1] L.R.S. 9:301.
[2] 285 So.2d 570 (La.App.4th Cir. 1973).
[3] 302 So.2d 903 (La.1974).
[4] "When the wife has not been at fault, and she has not sufficient means for her support, the court may allow her, out of the property and earnings of the husband, alimony which shall not exceed one-third of his income when:

1. The wife obtains a divorce;
2. The husband obtains a divorce on the ground that he and his wife have been living separate and apart, or on the ground that there has been no reconciliation between the spouses after a judgment of separation from bed and board, for a specified period of time; or
3. The husband obtained a valid divorce from his wife in a court of another state or country which had no jurisdiction over her person.
"This alimony shall be revoked if it becomes unnecessary, and terminates if the wife remarries."
[5] 217 La. 646, 47 So.2d 32 (1950).
[6] 226 La. 70, 75 So.2d 12 (1954).
[7] 308 So.2d 377 (La.App.4th Cir. 1975).