EDWARDS, Judge.
Harry E. Roth filed this rule against his ex-wife, Katherine Gaidry Roth, to terminate alimony and decrease child support. The trial court rendered judgment reducing the combined alimony and child support award from $850.00 per month to $600.00 per month. Mrs. Roth has appealed.
The Roths were divorced on September 4, 1975. The divorce judgment provided that Mr. Roth pay the sum of $850.00 per month as alimony and child support. This award was subsequently allocated by consent of the parties as $450.00 per month alimony and $400.00 per month child support.
On February 25, 1977, Mr. Roth filed the present rule to terminate alimony and decrease child support based on both an increase in his expenses and an increase in Mrs. Roth’s assets.
The evidence presented at the hearing on the rule, as summarized by the trial judge in his Narrative of Facts consisted solely of the testimony of Mrs. Roth. Her testimony revealed that her $285.00 yearly income had not increased since the rendition of the divorce judgment.
However, the trial judge noted:
“At that time she and her two minor children were residing in a home in Ellen-dale Subdivision. This home had been acquired by her and plaintiff-in-rule during their marriage as community property. Subsequent to the rendition of the last judgment of alimony and child support in this matter and prior to the execution of the property settlement, this home was sold as part of the parties’ efforts to settle their community property regime. The sale of the home produced cash equity in excess of $30,000. which sum formed substantially all of the cash divided in the property settlement. She received the $21,109.07 as her share of the equity in the home. She received approximately $10,000. more than plaintiff-in-rule from the equity in the home because at the time the property was originally *353 purchased, she put up $10,000. from her separate and paraphernal estate. Following the community property settlement she purchased a home for herself and her children in Lisa Park Subdivision. This home was not as large or as fancy as the prior home in Ellendale Subdivision, however totally adequate for defendant-in-rule and her children. In the purchase of the home in Lisa Park Subdivision, she paid $15,000. cash equity and assumed the balance owed on a mortgage on the property. She later arranged a loan with Terrebonne Bank & Trust Company to pay off the existing mortgage and create a new mortgage on the property in order to reduce her monthly mortgage notes. In connection with this loan she put up an additional $5,000, however she also testified that the monthly note was now higher than that which she had previously assumed and the additional down payment on the new loan with Terrebonne Bank & Trust Company was required along with the increased monthly note so that the home could be paid off in a shorter period of time. She has approximately $1,000. in cash at the present time.”
The trial court found, based on this evidence, that there had been a change in the wife’s circumstances which warranted a reduction in the amount of alimony.
Our review of the record and the jurisprudence reveals that the trial court erred in determining a change of circumstances on the wife’s part.
At the time of the divorce, Mrs. Roth owned an undivided one-half interest in the community, which consisted primarily of the family home in which Mrs. Roth and the children resided. This interest was subsequently realized in the form of a cash community property settlement, which Mrs. Roth used to purchase the house in which she and the children now reside.
While we recognize that Mrs. Roth now has in full ownership assets with value in excess of $20,000.00, we find that the means available to Mrs. Roth for her maintenance have not increased since the divorce. Compare Loe v. Loe, 131 So.2d 106 (La.App. 2nd Cir. 1961). The law is well settled that a wife is not required to sell the home in which she and the children live and use the proceeds from the sale in lieu of receiving alimony from her former husband. Phillpott v. Phillpott, 321 So.2d 797 (La.App. 4th Cir. 1975); Nicolle v. Nicolle, 308 So.2d 377 (La.App. 4th Cir. 1975).
We find no other evidence in the record to support a reduction of alimony.
For the foregoing reasons, the judgment of the trial court is reversed; and the original judgment herein is reinstated. All costs are to be paid by plaintiff-appellee.
REVERSED AND RENDERED.