SARTAIN, Judge.
Ephie J. Porche appeals the alimony award of $275.00 a month granted to his former wife, Pearl Guidry Porche, assigning error in the trial court’s refusal to consider Mrs. Porehe’s earning capacity and in its alleged failure to take into account the value of property she received in the community property settlement. We reverse and remand.
The parties were judicially separated on December 30, 1975, at which time Mrs. Porche was awarded alimony pendente lite of $350.00 per month, an amount set by consent. Shortly thereafter, the parties entered into a community property settlement whereby Mrs. Porche received the family home and its furnishings, a 1970 model automobile, a retirement account worth approximately $7,000.00, five shares of stock with little or no value, the proceeds of a bank account amounting to approximately $511.00, two four-year certificates of deposit with the combined face amount of $10,-000.00, and $4554.17 in cash.
Mrs. Porche’s claim for permanent alimony was raised by reconventional demand in her answer to her husband’s petition for divorce. At the conclusion of the hearing on the merits, the trial judge rendered judgment on the divorce as prayed for and *638 took Mrs. Porche’s claim for alimony under advisement. Several days later, for written reasons assigned, judgment was rendered fixing permanent alimony as noted above. Separate judgments were signed and only the alimony judgment is at issue.
At the trial on the merits when Mrs. Porche was questioned about the value of her home her counsel objected, which objection was sustained by the trial court. Counsel then stated, “Let the record show that I tender the witness and propose to prove that the house is worth around $60,-000.00 to $70,000.00.” A similar colloquy followed as to her furnishings. However, no further evidence was offered under proffer as to the value of the house or its furnishings. Mrs. Porche testified that her monthly expenses amounted to $633.97 and that she received $100.00 per month from her brother who resides with her. She still possessed all of the property she received in the community property settlement except the $7,000.00 in the retirement fund which she expended to replace her automobile. The only other change in her circumstances since the property settlement is that she is no longer employed due to health reasons.
Mr. Porche’s ability to pay is not an issue because no evidence was offered as to his property or earnings.
The trial judge, in his written reasons, stated:
“In a community settlement, the wife received the community home. It is unquestioned that the home is valued at approximately $65,000.00. The defendant does not deny that she has approximately $5,000.00 in a savings account. Her only income is the sum of $100.00 that she receives from her brother, who lives with her.
Her demands for alimony far exceed what the law entitles her to receive. The court, after carefully considering her needs for food, clothing, utilities and other necessary expenses concludes she is entitled to receive the. sum of $275.00 per month as alimony. The court did not consider the value of her home in fixing the alimony. Further, the law does not require the defendant to deplete her savings account to be entitled to alimony.”
We hold that the trial judge erred in not considering the two time certificates with a combined value of $10,000.00 and in not receiving evidence as to the value of the residence and considering the same in his determination of whether Mrs. Porche was without sufficient means for her support.[1]
Alimony after divorce is governed by C.C. art. 160 [2] which authorizes the court, under circumstances set forth in the article, to allow the wife alimony out of the property and earnings of the husband.
Many factors should be taken into consideration in determining whether the wife is without sufficient means for her support. In the instant cause the issue relates to the circumstances under which a wife can be expected to liquidate and/or deplete a certain portion of her assets for her own support. Before the questions of liquidation, i. e., the sale of the residence and depletion of cash resources can be satisfactorily addressed, the totality of the wife’s assets must be shown. For it is only then that the consequences of liquidation and depletion can be fully considered. To totally ignore any asset of the wife’s, albeit *639 her residence, is not to fully consider her means.
In the recent cases[3] that considered whether the sale of the family home should be required, the issue was resolved in each instance on a determination that the consequences of the sale would not materially affect either the ability of the wife to support herself out of the proceeds nor relieve the husband of his liability of support. Such factors as the value of the home, existence of an outstanding mortgage, shelter for children, and lack of other resources were considered. Because of the present record before us we are unable to accurately determine the value of the residence and to consider these and other pertinent factors.
Similarly, the record does not disclose the availability of the two time deposits with a combined value of $10,000.00. Whether these assets are available is another item that should be considered on remand.
For the above reasons, the judgment of the district court awarding Mrs. Porche the sum of $275.00 per month as permanent alimony is reversed and set aside and this cause is remanded to that court for further proceedings consistent with the views here-inabove expressed. The assessment of costs is to await a final determination on the merits.
REVERSED AND REMANDED.

.Art. 160. When the wife has not been at fault, and she has not sufficient means for her support, the court may allow her, out of the property and earnings of [her] husband, alimony which shall not exceed one-third of his income when:
1. The wife obtains a divorce;
2. The husband obtains a divorce on the ground that he and his wife have been living separate and apart, or on the ground that there has been no reconciliation between the spouses after a judgment of separation from bed and board, for a specified period of time; or
3.The husband obtained a valid divorce from his wife in a court of another state or country which had no jurisdiction over her person.
This alimony shall be revoked if it becomes unnecessary, and terminates if the wife remarries.

. Ibid.

. Phillpott v. Phillpott, 321 So.2d 797 (La.App. 4th Cir. 1975); Bryant v. Bryant, 310 So.2d 648 (La.App. 1st Cir. 1975); Nicolle v. Nicolle, 308 So.2d 377 (La.App. 4th Cir. 1975); Hardy v. Hardy, 214 So.2d 231 (La.App. 4th Cir. 1968).