390 So.2d 1365 (1980)
Mildred Badie, wife of Nolan Ambrose MARSHALL
v.
Nolan Ambrose MARSHALL.
No. 11308.
Court of Appeal of Louisiana, Fourth Circuit.
October 9, 1980.
Rehearing Denied December 19, 1980.
*1367 Baldwin & Haspel, Robert R. Rainold, Robert R. Rainold, Jr., New Orleans, for Mildred Badie, plaintiff-appellant.
Joseph W. Rausch, Stassi & Rausch, New Orleans, for Nolan A. Marshall, defendant-appellee.
Before SAMUEL, GULOTTA and BOUTALL, JJ.
BOUTALL, Judge.
This appeal concerns the post-marital obligation of support owed by one spouse to another and to their children. The original matter arose when the plaintiff brought several rules against her former husband, defendant-appellee, to make past due alimony executory and for an increase in alimony payments. The trial court rendered judgment awarding to the plaintiff $3,192.52 in past due alimony, together with legal interest from the date of judicial demand until paid and all costs, each party to bear their own attorney's fees. Also, the trial court fixed the award of future alimony to the plaintiff at $200.00 per month. From this judgment, the plaintiff has appealed, contending both amounts are insufficient.
*1368 The plaintiff, Mrs. Mildred Badie, and the defendant, Mr. Nolan Ambrose Marshall, were married on June 16, 1946. Of this relationship three children were born. Marital relations between these two parties broke down in 1958, resulting in a judgment of separation that same year. Subsequently, on July 11, 1960, a judgment of divorce a vinculo matrimonii was entered in favor of the plaintiff, based on one year living separate and apart. This latter decree contained several orders, one of which required the defendant husband to pay alimony and child support to the plaintiff in the amount of $155.00 per month and a monthly homestead installment on the family home in the amount of $90.57 for a total payment of $245.57 per month.
The evidence discloses that proper payments were made by the husband, though occasionally delayed, through March of 1973. From that time forward the defendant refused to comply with his obligation of support. Consequently, the plaintiff on May 25, 1979, brought several rules against defendant: a rule for contempt for failure to pay; a rule to make past due alimony executory and a rule for increase in alimony. The trial judge apportioned the prior in globo award of alimony and child support into portions of 1/3 for the wife and 2/3 for the children, and, applying the three year prescription, made executory only the sum of $3,192.52 in accordance with those limitations. He dismissed the rule for contempt and fixed present and future alimony for Mrs. Marshall at $200 per month, decreeing each party to pay his own attorney's fees. Mrs. Marshall appealed assigning error on each ruling.

-I-
The first issue for consideration here concerns the application by the judge of the prescriptive period for past due alimony, which was not pleaded by the defendant. LSA-C.C. Art. 3538 provides a 3 year prescriptive period for such a claim. It states in pertinent part: "The following actions are prescribed by three years: That for arrearages of rent charge, annuities and alimony ..."
The exception of prescription is a peremptory one which must be specially pleaded by a party in order for it to be operative. This exception cannot be supplied by the court. LSA-C.C.P. Art. 927; Lawyers Title Services, Inc. v. Boyle, 308 So.2d 479, 481 (La.App. 4th Cir. 1975); Bourgeois v. Ducos, 182 So.2d 539, 543 (La. App. 1st Cir. 1966). Although the plea of prescription may be filed for the first time in an appellate court, it must be presented in a formal pleading prior to a submission of the case for decision. LSA-C.C.P. Art. 2163; Whittington v. Hopfensitz, 321 So.2d 836 (La.App. 1st Cir. 1975). See also Washington v. St. Charles Parish School Board, 274 So.2d 909 (La.App. 4th Cir. 1973) reversed on other grounds 288 So.2d 321 (La. 1974). Finally, argument for application of the exception of prescription in the brief alone is insufficient. State, through Dept. of Highways v. Champagne, 371 So.2d 626 (La.App. 1st Cir. 1979); Scott v. Boh Bros. Construction Co., 195 So.2d 353 (La.App. 4th Cir. 1967).
In applying these rules of law to the case before us, we find the record void of any plea of prescription filed by the defendant-appellee either in the trial court or on appeal prior to submission of the case for decision. Furthermore, argument by the defendant-appellee for this exception in his brief alone is of no consequence. Hence, the trial judge erred in applying the 3 year prescriptive period for past due alimony and we would be in similar error if we applied it. Therefore, the plaintiff-appellant is entitled to an amended decree awarding to her past due alimony for a period of 77 months which represents the period of time between the last payment in March of 1973 and the judgment in August of 1979.

-II-
A second issue raised by these proceedings concerns the validity of the judgment *1369 of the trial court in apportioning the 1960 divorce decree, such that 1/3 of the $245.57 monthly figure awarded, or $81.86, can be attributed to alimony and the remainder to child support. In making this apportionment, the trial court held that the defendant-appellee had discharged his obligation of child support, and that the ex-wife was only entitled to past due alimony in the amount of $81.86 per month instead of the full monthly figure of $245.97. Appellant contends that the trial court committed error in making such an apportionment and in reducing the amount of support owed.
The jurisprudence serves to support the contention of the appellant. It reflects the view that a judgment awarding alimony is a determination of the rights of the parties and it acquires the authority of the thing adjudged. Williams v. Williams, 211 La. 939, 31 So.2d 170 (1947). LSA-C.C.P. Arts. 1841 and 1842. Nevertheless, in another sense, an alimony judgment is not final in that a suit for modification, reduction or termination of this judgment may be brought. Pisciotto v. Crucia, 224 La. 862, 71 So.2d 226 (1954), LSA-C.C. Art. 232. Where such a suit is not filed, the alimony judgment may not be changed, unless the award is terminated by the operation of law, as occurs when a wife remarries. LSA-C.C. Art. 160. Halcomb v. Halcomb, 352 So.2d 1013 (La.1977); Blankenship v. Blankenship, 382 So.2d 982 (La.App. 1st Cir. 1980) or unless the award is suspended by a conventional obligation in the best interest of the child (Dubroc v. Dubroc, 381 So.2d 1236 (La.1980). None of these special circumstances took place here.
Our circumstances are somewhat similar to Halcomb v. Halcomb, supra, wherein the defendant was ordered to pay $100 per week as child support. As each of his four children reached the age of majority, the defendant, of his own volition, reduced the award by $25. Subsequently, the plaintiff filed a motion requesting that the amount of past due child support be determined and made executory. The supreme court held that the defendant had no right to proportionately reduce the in globo award as each child attained majority. This decision was based on the application of the rule which establishes that the award of alimony can only be altered, modified, or terminated by operation of law or when proper suit is brought. The Court stated:
"However, unless automatic reduction, modification or termination is provided for by operation of law, the award remains enforceable notwithstanding that a cause for reduction may have occurred which would, upon proper suit, warrant such a reduction."
* * * * * *
"We agree that the wife may no longer institute original proceedings for the support of a child over whom she had custody after the child has reached majority; nor can she seek an increase of an award for the child's future support after the child has reached majority. But this effect of a child's majority does not apply to a motion by the mother to whom the award was made for the child's support to have a child support award in arrears determined and made executory. The latter situation is distinguishable from the former in that an initial suit for support or a suit to increase a past award seeks to initiate a new claim on behalf of the adult child when the law has declared him capable of administering his own affairs and no longer entitled to child support; whereas, the latter situation involves an effort by the party to whom the award is due (the wife, not the child) to have determined and declared executory unpaid sums due as child support in a judgment of court in her favor rendered during the child's minority."
Accordingly, the ex-wife was entitled to the entire judgment of past due alimony in the form of child support for the number of weeks that the defendant was in arrears.
Application of the principles cited above to the case before us leads us to the *1370 conclusion that the trial judge was in error in apportioning and reducing the amount of the award of support owed by the defendant to the plaintiff. The Halcomb case jurisprudence establishes that the obligation of support does not terminate by operation of law upon the age of majority being reached by the children. The defendant made no attempt to file suit for a modification or termination of the original award of alimony. Therefore, the plaintiff-appellant is entitled to the full award of past due alimony in the amount of $245.57 per month for a period of 77 months for a total of $18,908.89, unless suspended or waived.

-III-
As to waiver of the right to the past due alimony,[1] the defendant-appellee contends that the plaintiff-appellant waived this right by entering into an agreement to terminate the obligation of support owed by the defendant.
Regarding the appellee's contention, the trial judge held that the parties attempted to negotiate termination of the support obligation owed by the appellee in exchange for the transfer to the appellant of the appellee's equity interest in the family home, but no agreement was ever reached. A careful review of the record supports this finding. Similarly, we conclude that the evidence does not show a conventional obligation to promote the best interest of the children entitling the father to a suspension as in Dubroc v. Dubroc, supra.

-IV-
A fourth issue for consideration here concerns the award of legal interest due for past due alimony. The plaintiff-appellant contends that the trial court committed error in awarding legal interest beginning from the date of judicial demand until paid, as opposed to making the award from the time when each alimony payment was due.
Under LSA-La.C.C.P. Art. 1921, "the court shall award interest in the judgment as prayed for or as provided by law." In the case before us, both the interest as prayed for and as provided by law are the same. In the plaintiff-appellant's rule to make due alimony executory, she prays for interest on the total amount of alimony past due, beginning from the time when each payment was due until paid. LSA-La. C.C. Art. 1938 provides that, "All debts shall bear interest at the rate of 7% per annum from the time they become due, unless otherwise stipulated." Based on this codal article, interest is due, as provided by law, beginning from the time when each support payment became due. This view is supported by Thompson v. Courville, 372 So.2d 579, 583 (3d Cir. 1979) wherein the court stated:
"In addition to the total arrearage in child support, the appellant is entitled to recover legal interest on each past due installment of child support from the date the installment was due until paid." Miller v. Miller, 321 So.2d 318, 321 (La.1975).
In applying the principles cited above to the case before us, we conclude that the trial court committed error in awarding legal interest from the date of judicial demand until paid. Therefore, we reverse the trial court's judgment in favor of an award of legal interest beginning from the date when each installment was due until paid.

-V-
Another issue for consideration is the award of attorney's fees in connection with a rule to make past due alimony executory. LSA-R.S. 9:305 (AM 1978) provides:
"When the court renders judgment in an action to make past due alimony or *1371 child support executory, the court may award reasonable attorney's fees in favor of the prevailing party."
This statute was applied by the court in Thompson v. Courville, supra, wherein the court stated:
"Since no reasonable explanation was given as to why the appellee was in arrears when appellant's motion was filed, the appellant is also entitled to a reasonable attorney's fee under LSA-R.S. 9:305. We will fix the fee at $900."
Based on the foregoing, we conclude that the trial court committed error in ordering each party to bear their own attorney's fees. Our conclusion is based on a finding that the defendant-appellee had no reasonable explanation for his failure to comply with his obligation of support. Therefore, we order that the defendant appellee pay attorney's fees in the amount of $1500.

-VI-
A final issue before us concerns the validity of the trial court's judgment reducing the award of alimony from $245.57 to $200.00 per month. Under Louisiana jurisprudence and statutory law the wife must be without fault and without sufficient means for her maintenance in order to be eligible for post divorce alimony. The word "means" includes both the income and property of the spouse and in recent years the word "maintenance" has been expanded to include not only food, shelter, and clothing, but also reasonable and necessary transportation or automobile expenses, medical and drug expenses, utilities, household expenses and the income tax liability generated by the alimony payments made to the former spouse. LSA-C.C. Art. 160 (as amended 1964); Loyacano v. Loyacano, 358 So.2d 304 (La.1975). Vacated on other grounds, 440 U.S. 952, 99 S.Ct. 1488, 59 L.Ed.2d 766 on remand 375 So.2d 1314 (La.); Bernhardt v. Bernhardt, 283 So.2d 226 (La.1973); Ducote v. Ducote, 339 So.2d 835 (La.1976). LSA-C.C. Art. 160 vests the trial court with discretion in considering the above principles and in deciding if a spouse is entitled to post divorce alimony. Ducote v. Ducote, 339 So.2d 835 (La.1976).
Modification of a post divorce alimony award requires proof, by party seeking the alteration, of a change in circumstances of either party from the time of the award to the time of the trial of the alimony rule. This change may be in the obligee's needs or in the obligor's ability to pay. Willis v. Willis, 355 So.2d 999 (La.App. 4th Cir. 1978) writ denied 356 So.2d 1389 (La.); Roth v. Roth, 353 So.2d 352 (La.App. 1st Cir. 1977); Ducote v. Ducote, supra.
The appellant contends that she is entitled to an increase in the alimony awarded by the trial court from $200 to $680 based on the argument that she is in necessitous circumstances and without means to support herself within the meaning of LSA-C.C. Art. 160 (AM 1979). In rebutting this contention, the appellee denies that the appellant is in necessitous circumstances and further argues that he is unable to pay any alimony.
The record reveals that the appellant is without sufficient means to support herself. Her only assets are a home, which remains a part of the community, and a used automobile.[2] The inheritance she received upon her mother's death in 1973 was used to support herself during the years when her husband failed to comply with his obligation of support. The plaintiff has virtually no income. She is 53 years old, has only a high school level of education and has not worked for 20 years or more. Furthermore, she suffers from varicose veins and other health problems. Consequently, she is unable to secure gainful employment.
*1372 The record further reveals that the plaintiff has monthly expenditures for her maintenance which well exceed the $200 awarded by the trial court. The plaintiff is required to pay a monthly note on the community home in the amount of $90.57. Furthermore, her expenses for clothing, food, telephone, house insurance, transportation, medical attention and drugs, utilities, household items, and income tax liability generated by the alimony payments, coupled with the house note, establish that $500 per month would be a fair and reasonable award for her maintenance. We conclude that the plaintiff-appellant has met her burden of establishing a change in circumstances in that her monthly expenditures in 1979 were substantially different than those in 1960 at the time of the original alimony award.
Appellee contends that he is unable to pay any alimony. A review of the evidence before us reveals that the defendant-appellee has a gross monthly income of $9,000 from his employment as an insurance agent, his wife's employment as a school teacher, and rent from income producing property.[3] Moreover, the defendant-appellee has assets which include a home valued at $160,000, rental property valued at $180,000, two cars, a boat, life insurance totaling $340,000, stock in the Bank of New Orleans and ownership of a small corporation. On the other hand, the evidence also reveals that the defendant-appellee is a named defendant in two lawsuits, each of the properties and the insurance are mortgaged, and he supports 4 children by his second marriage. In consideration of all these things together, we find that the defendant-appellee does possess the ability to pay alimony.
Based on the foregoing we hold that the trial court abused its discretion in awarding only $200 per month in alimony to the plaintiff-appellant. We further hold that an award of $500 per month would be a sufficient sum for the maintenance of the plaintiff-appellant.
For the reasons assigned above, the Judgment of the trial court is hereby amended insofar as to provide past due alimony executory in the amount of $18,908.89, plus legal interest beginning from the date when each alimony payment was due until paid, plus $1500 in attorney's fees to the appellant and to provide future alimony in the amount of $500 per month, and, as amended, the judgment is affirmed.
AMENDED AND RENDERED.
NOTES
[1] It should be noted that, the,

"Right to receive alimony in a lump sum is not waived by the plaintiff's failure to make periodic demands on the defendant." Gehrkin v. Gehrkin, 216 La. 950, 45 So.2d 89 (La.1950); Halcomb v. Halcomb, 352 So.2d 1013, 1015 (La.1977).
[2] Spouse not obligated to sell family home in order to be entitled to alimony. Sonfield v. Deluca, 385 So.2d 232 (La.1980); Martinez v. Bordelon, 371 So.2d 1280 (La.App. 3rd Cir. 1979); Phillpott v. Phillpott, 321 So.2d 797 (La. App. 4th Cir. 1975); Nicolle v. Nicolle, 308 So.2d 377 (La.App. 4th Cir. 1975).
[3] In determining divorced husband's property and earnings for purposes of determining alimony, income from all sources, including that of the second wife, should be taken into consideration. Stolier v. Stolier, 357 So.2d 1334, (La. App. 4th Cir. 1978). Writ denied, 359 So.2d 621 (La.).