431 So.2d 780 (1983)
Caroline Neely WILLIAMS
v.
David G. WILLIAMS, and Koch Exploration Company, A Division of Koch Industries, Inc.
No. CA-0320.
Court of Appeal of Louisiana, Fourth Circuit.
March 9, 1983.
Rehearing Denied May 24, 1983.
Fredric G. Hayes, Lafayette, for plaintiff-appellee.
Michael Harson, Lafayette, for defendants-appellants.
Before SCHOTT, GARRISON and BARRY, JJ.
BARRY, Judge.
Plaintiff-wife obtained a judgment in the 15th Judicial District Court which made $2,100 alimony arrearages executory; however, the executory judgment did not provide for legal interest. Plaintiff then filed a petition for garnishment in Orleans Parish which erroneously stated that legal interest was due on the executory judgment. A garnishment was granted which included legal interest, but upon defendant-husband's intervention the decree was amended to exclude interest and specified:
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the executory judgment for past due alimony in favor of Caroline Neely Williams and against David G. Williams, rendered in the 15th Judicial District Court for the Parish of Lafayette on June 9, 1980, which said judgment has been recognized by this court and is being enforced in Orleans Parish, does not bear interest. Any writ of fieri facias, or garnishment thereunder issued or obtained in this court does not and shall not include within it any element or amount for interest on the judgment being enforced. (Our emphasis)
Plaintiff-wife moved for a new trial, alleging, inter alia, "that the judgment is *781 contrary to law in that alimony is a debt and bears legal interest from its due date until paid." That motion was apparently granted, as the record reflects another hearing was held before a different Orleans Parish Judge. Defendant-husband's counsel was not at the hearing, at which time plaintiff introduced a ledger sheet purporting to indicate the status of the garnishment:

 CHARGE PAID TOTAL DUE
AMOUNT OF DEBT (PRINCIPAL BALANCE) $2,100.00 $2,100.00
Cost Deposit-Orleans Garnishment 80-12525 105.00 2,205.00
0% Attorney Fees
7% interest from filing suit
9-25-78 to 11-3-80 309.60 2,514.60
12/15/80 Interest to 12/15/80 16.00 $146.18 2,384.42
12/22/80 Interest to 12/22/80 2.80 416.48 1,970.74
 2/24/81 Interest to 2/24/81 26.00 1,996.74

According to the ledger, the $1,996.74 balance included the $2,100 principal balance, $105.00 for court costs, $354.40 in legal interest, minus $562.06 paid. The court entered judgment ordering the garnishee to pay plaintiff $1,996.74.[1]
Defendant contends that interest cannot be included in a garnishment to collect a judgment which does not award interest. The issue in Davis v. LeBlanc, 149 So.2d 252 (La.App.3d Cir.1953) concerned entitlement to legal interest on a money judgment which was silent as to interest and the court stated:
With the sole exception of judgments rendered in tort actions (to be discussed below), in Louisiana interest is never due on a judgment unless the judgment so provides. Viser v. Viser, [243] La. [706], 146 So.2d 409; Liquidation of Canal Bank & Trust Co., 211 La. 803, 30 So.2d 841. Cf. also LSA-C.C.P. art. 1921. The plaintiffs herein had, it is true, prayed for interest from date of judicial demand; and, while they may have been entitled to receive interest upon the awards made to them (Burnham v. Hart, 15 La.Ann. 517; Donovan v. Mooney, 5 La. 57), the judgment rejecting their demand for such interest is now final, since the delays have expired in which plaintiffs could have appealed and secured a correction of the judgment in this regard.
Viser v. Viser, supra, was overruled by Miller v. Miller, 321 So.2d 318 (La.1975), to the extent Viser held interest could not be awarded on delinquent alimony payments where the original alimony decree did not include interest. Judge Duran rendered the amended judgment and noted in his Reasons for disallowing interest that Miller involved a different issue:
"The divorced wife relies heavily on Miller vs. Miller, 312 [321] So.2d 318. That case involved the propriety of a lower court judgment which awarded interest on past due alimony when the divorce/alimony original decree did not mention interest in the event the husband became in arrears. In the case now before the court, the wife has already obtained a judgment making past due alimony executory, but that very judgment does not award interest. In the Miller case, the judgment making past due alimony executory did in fact award interest though the original decree of divorce/alimony did not. The Supreme Court upheld the action of the lower court in awarding interest, but for that very reason Miller can be distinguished from the case now at bar, wherein interest has not been awarded by any court.
The court is of the opinion that the executory judgment for past due alimony in *782 these premises does not draw interest and that interest thereon should not be included in the amount due the ex-wife."
It is settled that interest is not due on judgments which are silent as to interest, except where specifically provided by statute. Davis v. LeBlanc, supra; Factors & Traders Ins. Co. v. New Harbor Protection Co., 2 So. 407, 39 La.Ann. 583 (La.1887). Plaintiff was entitled to interest on past due alimony payments.[2] However, the executory judgment which failed to provide for legal interest is now final. Therefore, the garnishment decree should not have included legal interest.
The district court judgment is hereby amended to reduce the garnishment balance by $354.40 from $1,996.74 to $1,642.34, and as amended, affirmed. Costs to be paid by plaintiff/appellee.
AMENDED AND AFFIRMED.

ON APPLICATION FOR REHEARING
PER CURIAM.
Appellant requests a rehearing based upon a stipulation signed after our opinion and which was not part of the record nor before this Court. The stipulation attempts to present new evidence on appeal which cannot be considered.
The record shows the contested balance of $1,996.74 was due on a 15th Judicial Court judgment for $2,100 which was made executory in suit No. 80-12525 Division "I" of Orleans Civil District Court. According to the ledger sheet in evidence, $354.40 of the balance was legal interest which we disallowed.
In their tardy stipulation which was attached to the rehearing motion, the parties also attempt to expand the scope of this appeal to include another garnishment (to enforce another arrearage judgment from the 15th Judicial District Court) instituted in No. 80-7429, Division "K", of the Orleans Civil District Court. This appeal only concerns No. 80-12525 from Division "I". We are not aware of an appeal from No. 80-7429.
The application for rehearing is DENIED.
SCHOTT, Judge, dissenting from the denial of the application for rehearing:
I would grant a rehearing in order to consider the effect of the stipulation even though it was filed after our original opinion was handed down.
NOTES
[1] Defendant asserts in his brief that plaintiff will stipulate all of the $1,996.74 represents legal interest on original arrearage judgments of $2,100.00 and $9,600.00. There is no such stipulation in the record.
[2] See Miller v. Miller, supra; Matthews v. Matthews, 415 So.2d 234 (La.App. 2d Cir.1982); Marshall v. Marshall, 390 So.2d 1365 (La.App. 4th Cir.1980).