| ]KLEES, Judge.
On September 11, 1991, plaintiff-appellant Cherie Ward (“Ward”) filed suit against defendant-appellee, Carl Dengle, (“Dengle”) alleging legal malpractice. Ward alleged that Dengle committed gross negligence in (1) filing bankruptcy under Chapter 7 of the Bankruptcy Code rather than Chapter 11 and (2) failing to defend a motion to lift the automatic stay while Dengle was still her attorney of record. Dengle filed a peremptory exception of no right of action, alleging that Ward’s status as a debtor in federal bankruptcy proceedings precluded her from bringing the action in her own right, and that the proper party to bring this claim is the bankruptcy trustee. On Appeal, Dengle further moves this court to affirm the dismissal of Ward’s appeal on grounds of prescription. After thoroughly reviewing the record and applicable case law, we affirm the trial courts judgment dismissing Ward’s cause of action.

Facts and Procedural History

On April 20, 1989, Ward retained the services of Dengle to represent her in restraining the scheduled public auction of Ward’s possessions in New Orleans. The auction was scheduled for April 21-23 1989. On April 21, 1989, Ward filed a Petition for Relief under Chapter 7 of the Bankruptcy Code. On May 30, 1989, the bankruptcy judge signed a motion and order to remove Dengle and enroll Raymond Landreneau as counsel for Ward in the bankruptcy proceedings.
On July 5, 1990, Ward wrote a letter to the bankruptcy trustee, Jean Turner, (“Turner”) listing a potential malpractice lawsuit against Dengle. On September 11, 1991, Ward filed a Petition for Damages in state court alleging that Dengle (1) failed to file under Chapter *1311 11 of the Bankruptcy Code under which Ward would |2have been a debtor-in-possession, enabling her to remain in possession of her assets and have the right to seek turnover of the assets and (2) failed to resist lifting of automatic stay and distribution of Ward’s assets containing -property exempt under Louisiana law without questioning the prices at which the assets were sold.
On October 11, 1996, Dengle filed a peremptory exception of no right of action on the basis that Ward, as a debtor in bankruptcy proceedings, had no standing to bring this suit for damages and that the trustee was the proper party to bring the action. Ward then filed a request to hold her claim of no right of action in abeyance pending a determination by the bankruptcy court and filed additional pleadings in the bankruptcy court. The pleadings filed in the bankruptcy court alleged that this was a post-petition cause of action and requested that if it was found to be a pre-petition suit, that the Trustee disclaim or assume the action.
On December 2, 1996, the trial court denied the motion to hold the claim of no right of action in abeyance pending determination by the bankruptcy court. By judgment dated December 11,1996, the trial court granted the exception of no right of action.

Argument on Appeal

On appeal, Ward contends that the trial court erred in finding that the property in question belongs to the bankrupt estate. Dengle moves this court to affirm the dismissal of Ward’s appeal on the grounds that this case has prescribed.
The thrust of Ward’s argument is that the cause of action against Dengle arose post-petition bankruptcy and that the bankruptcy trustee has no interest in the action. Ward’s argument is without merit. Even if this court finds that the cause of action is post-petition and does not belong to the bankruptcy trustee, Ward still does not have a cause of action against. Dengle, as she failed to file the malpractice 13action within one year from the date of the alleged act, omission or neglect, or within one year of the discovery of the alleged act.
The issue presented for our review is whether this case has prescribed. Marshall v. Marshall, 390 So.2d 1365, 1368 (La.Ct. App. 4 Cir.1980)(holding that a plea of prescription-may be filed for the first time in an appellate court as long as it is presented in a formal pleading prior to the submission of the case for decision).
Ward’s malpractice action prescribed by at least two months. Specifically, Ward had one year to file suit against Dengle as set forth in La.R.S. 9:5605A:
“No action for damages against any attorney at law ... whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide legal services shall be brought unless filed in a court of competent jurisdiction and proper venue within one year from the date of the alleged act, omission or neglect, or within one year from the date that the alleged act ... is discovered or should have been discovered ...”
Here, Ward filed for malpractice on September 11, 1991. The alleged malpractice occurred on April 21,1989. Ward knew of this alleged cause of action .prior to July 5, 1990, when she wrote the bankruptcy trustee a letter stating she wanted to file suit against Dengel. Thus, using July 5,1990 as the base line, we find that Ward’s lawsuit is untimely by over two months. Accordingly, we affirm the trial court’s judgment dismissing Ward’s cause of action on the grounds that this case has prescribed.

AFFIRMED.