ARMSTRONG, Judge.
This case involves the attempts of a judgment creditor to collect against the sureties who furnished a suspensive appeal bond. The issues on appeal are (1) whether the judgment creditor’s action against the sureties is premature and (2) whether interest could be added to the judgment. We hold that the judgment creditor’s action against the sureties is not premature and that neither the trial court nor this court has authority to add interest to the judgment. Therefore, we will reverse the dismissal of the creditor’s action against the sureties which dismissal was based upon prematurity, reverse the award of interest and remand for further proceedings.
The judgment in this case was for partition of community property and included an equalization payment to be made by Harold M. Wheelahan, III (“Mr. Wheelahan”) to Marguerite Vieknair Wheelahan (“Ms. Vieknair”). The equalization payment was couched in terms of two different alternatives, and the parties disagree as to which alternative is applicable, but that dispute is not germane to our decision in the present appeal. The judgment made no provision for interest on the equalization payment. Mr. Wheelahan appealed the judgment to this court, which affirmed in an unpublished opinion, and petitioned the Supreme Court, which denied writs. Ms. | ¡Vieknair did not file any postjudgment motions nor did she appeal or cross-appeal, thus, the partition judgment became final.
Mr. Wheelahan’s appeal of the partition judgment was a suspensive appeal. A sus- *28 pensive appeal bond was furnished by Harry C. Graham, III and Julie Graham (“The Grahams”). By way of a motion, Ms. Vicknair has sought to make the partition judgment, specifically its provision for an equalization payment, executory against the Grahams. The Grahams responded with exceptions and arguments including an exception of prematurity. Ms. Vicknair also sought to have interest added to the judgment. The Grahams and Mr. Wheela-han argued that, as the judgment had long ago become final, it could not be amended to add interest. The trial court maintained the Graham’s exception of prematurity, and dismissed Ms. Vicknair’s motion to make the judgment executory against the Grahams, but added legal interest from the date of judgment to the judgment. Because Ms. Vicknair’s motion to make her judgment executory against the Grahams was dismissed upon an exception of prematurity, the trial court did not address the Grahams’ other exception or other arguments. As there has not yet been any trial court decision on the Grahams’ other exception or other arguments, we will not address the Grahams’ other exception or other arguments, but leave them to be considered on remand. Ms. Vicknair appeals the finding of prematurity. The Grahams and Mr. Wheelahan appeal the addition of interest to the judgment.
A suspensive appeal bond provides that the surety furnishing the bond will guarantee the payment of the judgment if, and to the extent that the judgment is affirmed on appeal. See La.Code Civ. Proc. art. 2124, La. R.S. 13:4451. Thus, it is a form of surety contract. La.Civ.Code art. 3035 et seq. The Grahams’ exception of prematurity is based upon the argument that Ms. Vicknair has not done everything ^possible to collect her judgment against Mr. Wheelahan before attempting to collect from the Grahams. The right of a surety to insist that the creditor first attempt collection from the principal debtor, before proceeding against the surety, is referred to in the civil law as the right of “discussion”. See Expose des Motifs to 1987 revision of Civil Code’s suretyship articles preceding Article 3035. However, the right of discussion was abolished in the 1987 revisions to the suretyship articles of the Civil Code Civ.Code art. 3045; see also Exposé des Motifs, supra. Ms. Vicknair is not obligated to. exhaust all possibilities for collection against Mr. Wheelahan before proceeding against the Grahams. To the extent that a return on execution, insufficient to satisfy the judgment, is a prerequisite to proceeding against a suspensive appeal bond surety, see La. R.S 13:4451, that prerequisite was satisfied by the Sheriffs return in this case over two years ago on June 8, 1999. Ms. Vicknair’s attempt to collect her judgment against the Grahams is not premature.
The partition judgment in this case, which long ago became final, does not provide for the accrual of interest. At least as to non-tort judgments, interest is never due on a judgment unless the judgment so provides. E.g., Williams v. Williams, 431 So.2d 780 (La.App. 4th Cir.1983); Garvin v. City of New Orleans, 270 S.2d 919 (La.App. 4 Cir.1972). Also, once a judgment has become final, neither the trial court nor the appellate court has the power to add interest to it. Id. Thus, in the present case, we must reverse the award of interest on the equalization payment of the partition judgment.
For the foregoing reasons, we reverse the maintaining of the exception of prematurity, and the dismissal of Ms. Vicknair’s motion to make her judgment executory against the Grahams and we reverse the judgment allowing the addition of interest to the equalization payment of the parti *29 tion judgment and we remand for ^further proceedings.

REVERSED AND REMANDED.