ON APPLICATION FOR REHEARING

ARMSTRONG, Judge.
In her application for rehearing, Ms. Vicknair argues that this Court’s decision in Williams v. Williams, 431 So.2d 780 (La.App. 4th Cir.1983), addressed only prejudgment interest and not post-judgment interest. However, in Williams, the judgment sought to be enforced had been rendered on June 9, 1980 and the Williams decision disallowed inclusion in the garnishment of legal interest from 1978 to 1981. Thus, Williams addressed both prejudgment and postjudgment interest when it held:
It is settled that interest is not due on judgments which are silent as to interest, except where specifically provided by statute [for tort cases].... Plaintiff was entitled to interest on past due alimony payments. However, the executo-ry judgment which failed to provide for legal interest is now final. Therefore, the garnishment decree should not have included legal interest.
431 So.2d at 782. Because Williams, in holding that interest is not due when the judgment is silent as to interest, included postjudgment interest, its holding is applicable to the present case and we have no authority to disregard such binding precedent. It bears repeating Williams’ express holding that, even where the plaintiff was legally entitled to interest, if the judgment is silent as to interest, then no interest is due. See also Garvin v. City of New Orleans, 270 So.2d 919 (La.App. 4th Cir, 1972) (“The rule that silence is considered rejection has been applied with regard to interest in holdings that money judgments do not bear interest unless specified therein even though interest may have been legally due.” (emphasis added)).
Sugar Field Oil Co. v. Carter, 214 La. 586, 38 So.2d 249 (La.1948), does not hold that a judgment which has become final[1] may be amended to add interest. In Sugar Field, the trial court had included interest in the judgment and, upon timely appeal, that judgment was affirmed.
Reinhardt v. Reinhardt 99-0721 (La.10/19/99), 748 So.2d 423, does not hold that a judgment which has become final may be amended to add interest. In Reinhardt the trial court had awarded both prejudgment and postjudgment interest on a partition judgment. Upon timely appeal, the award of prejudgment interest was reversed and it was held that only post-judgment interest could be included in a partition judgment.
Cajun Electric Power Cooperative v. Owens-Corning Corp., 616 So.2d 645 (La.1993), addressed only the issues of whether interest could be awarded on expert witness fees and, if so, whether such interest runs prejudgment or only post-judgment. The procedural history of Cajun Electric was complicated, as there were multiple parties and multiple appeals, but nowhere does the decision state that a judgment which has become final can be amended to add interest. Indeed, it does not appear that any party to Cajun Electric ever raised such an issue.
|3In sum, binding precedent of this Court forbids us to amend a judgment, once the judgment has become final, to add either prejudgment interest or post- *30 judgment interest. Accordingly, the application for rehearing is denied.

APPLICATION FOR REHEARING DENIED.

. In the present context, we use the word "final” to refer to a judgment as to which time for appeal has expired or to which all appeals have been exhausted. A party may, of course, timely appeal a trial court’s failure to include interest in a judgment.