Judge Regina Bartholomew-Woods
In this civil appeal, Appellee endeavors to recover interest from the original judgment, notwithstanding the fact that the trial court's original judgment was silent as to interest. On appeal from this Court, the Louisiana Supreme Court reversed this Court's prior decision, and reinstated the trial court's original judgment. Thereafter, the trial court rendered a subsequent judgment awarding Appellee the money that Appellants had placed into the registry of the court, which included monies in excess of the principal amount awarded in the original judgment.[1] For the reasons that follow, we find that the trial court erred; accordingly, we reverse the trial court's judgment.
FACTUAL BACKGROUND AND PROCEDURAL HISTORY
In this appeal, the underlying facts are not at issue. However, the procedural history is of importance. Appellee, Nikola Vekic ("Mr. Vekic" or "Appellee"), entered into a contract to sublease oyster leases owned by Appellants, Dragutin Popich, Mary A. Popich, and Helen Popich Harris ("Popich family" or "Appellants"). After the explosion of the Deepwater Horizon, the Popich family received settlement proceeds from British Petroleum. Mr. Vekic filed suit seeking a declaratory judgment that he was entitled to the settlement proceeds. Vekic v. Popich , 2016-0508, p. 5 (La. App. 4 Cir. 3/29/17), 215 So.3d 483, 486, writ granted , 2017-0698 (La. 6/29/17), 222 So.3d 47, and rev'd , 2017-0698 (La. 10/18/17), 236 So.3d 526. The trial court ruled in favor of Mr. Vekic; however, the judgment was silent as to legal interest.
The Popich family appealed and posted a suspensive bond, which included the judgment amount, as well as legal interest. On appeal, Mr. Vekic sought a modification of the trial court's judgment to include legal interest. This Court reversed the trial court and ruled in favor of the Popich family. Thus, this Court pretermitted discussion of assignments of error that addressed attorney's fees and legal interest. Mr. Vekic took a writ of certiorari to the Louisiana Supreme Court, which granted the writ, reversed this Court, and reinstated the trial court's judgment. The Louisiana Supreme Court's judgment, however, was silent as to legal interest.
*447 Thereafter, the Popich family moved the trial court to disburse the money in the court's registry to Mr. Vekic to satisfy the amount of the final judgment, excluding interest. Mr. Vekic argued that he was entitled to all of the money that the Popich family had deposited into the registry, including the interest. Pursuant to a consent judgment, Mr. Vekic received the amount awarded to him in the original judgment of the trial court. Subsequently, the trial court conducted a hearing to determine whether Mr. Vekic was entitled to the interest monies held in the court's registry. After the hearing, the trial court ruled that Mr. Vekic was entitled to the remaining money in the court's registry reasoning that the Popich family intended for Mr. Vekic to receive this money. It is from this ruling that the Popich family appeals.
DISCUSSION
Collectively, the Appellants' assignments of error address whether the trial court erred in adding legal interest to a final non-tort judgment after it had become final.
Standard of Review
This appeal presents a question of law. Accordingly, this Court will conduct a de novo review. Land v. Vidrine , 2010-1342, p. 4 (La. 3/15/11), 62 So.3d 36, 39.
Analysis
In the present case, Appellants posted a suspensive bond when they appealed the trial court's judgment. This Court explained that "[a] suspensive appeal bond ... will guarantee the payment of the judgment if, and to the extent that the judgment is affirmed on appeal." Wheelahan v. Wheelahan , 2000-1330, p. 2 (La. App. 4 Cir. 10/10/01), 811 So.2d 26, 28. Ultimately, the Louisiana Supreme Court reinstated the trial court's judgment, which was silent as to interest. Vekic v. Popich , 2017-0698 (La. 10/18/17), 236 So.3d 526.
"[I]t is settled [law] that interest is not due on judgments which are silent as to interest, except where specifically provided by statute. Davis v. LeBlanc,supra ; Factors & Traders Ins. Co. v. New Harbor Protection Co., 2 So. 407, 39 La. Ann. 583 (La.1887)." Williams v. Williams , 431 So.2d 780, 782 (La. Ct. App.1983).[2] Because this matter involved a contract, rather than a tort, interest is not due because the trial court's judgment was silent as to interest. Moreover, this Court has reasoned that "[i]f a judgment is silent as to a litigated issue or a portion of the demand, that issue or demand is deemed to be rejected." Hight v. Hight , 2017-0566, p. 9 (La. App. 4 Cir. 12/13/17), 234 So.3d 1143, 1149. The Louisiana Supreme Court reinstated the trial court's judgment, but did not address Mr. Vekic's request for interest. Therefore, the issue of interest has been rejected.[3]
On appeal, the Popich family argues that the trial court "lacks the legal power to amend a judgment, once final, to add legal interest." On March 17, 2016, the trial court rendered judgment in favor of Mr. Vekic, but was silent as to interest. On February 27, 2018, the trial court rendered *448 judgment granting Mr. Vekic the remaining money held in the registry of the court to satisfy interest. This Court explained that "once a judgment has become final, neither the trial court nor the appellate court has the power to add interest to it." Wheelahan , 2000-1330, p. 3, 811 So.2d at 28. Mr. Vekic is not entitled to the interest or any other money placed in the registry of the court, in excess of the trial court's original judgment as reinstated by the Louisiana Supreme Court. Thus, in light of the aforementioned jurisprudential principles, we find that when the trial court awarded interest, in addition to the original money judgment, it committed error.
CONCLUSION
For the aforementioned reasons, we find that the trial court erred, and accordingly, we reverse.
REVERSED
LOBRANO, J., CONCURS IN THE RESULT.

Pursuant to La. C.C.P. art. 2124(B)(1), the Popich family deposited $1,245,849.85 into the registry of the court; this amount included the amount of the judgment, as well as interest.

To this end, "[w]ith the sole exception of judgments rendered in tort actions ..., in Louisiana interest is never due on a judgment unless the judgment so provides. Davis v. Le Blanc , 149 So.2d 252, 253 (La. Ct. App.1963).

This Court has expressed that "[t]he rule that silence is considered rejection has been applied with regard to interest in holdings that money judgments do not bear interest unless specified therein even though interest may have been legally due." Garvin v. City of New Orleans , 270 So.2d 919, 920 (La. Ct. App.1972)