WATSON, Judge.
This matter was consolidated for trial and appeal with our docket no. 6991, in which the positions of plaintiff, Freida Bor-delon and defendant, Joseph P. Martinez, III, her former husband, are reversed. Both parties have appealed from judgments in both suits.[1]
Freida Bordelon was granted a separation and custody of two minor children, Beverly F. and Paula Jane Martinez, in this suit. (Four other children had reached the age of majority.) Joseph Martinez was subsequently granted a divorce in docket no. 6991 based on the parties living separate and apart for more than one year after a judicial separation. He stipulated that he had adequate income to provide for his former wife’s support, if it should be found that she was entitled to permanent alimony. Other judgments fixed the fee of the Notary Public who inventoried the community at $1,800 and the fees of the two appraisers at *1282 $1,000 each; ordered that a diamond ring, item no. 15 of the inventory, be declared the separate property of Freída Martinez; fixed child support for the one remaining minor (the other having reached majority) at $500 per month plus all educational costs and denied permanent alimony to Freída Bordelon.
The issues raised by the parties’ appeals relate to: the wife’s freedom from fault; the wife’s right to permanent alimony; the fees fixed for the Notary and appraisers; and the ownership of the diamond ring.
1. WIFE’S FREEDOM FROM FA ULT
It is contended that the default judgment of separation granted to Freída Bordelon does not amount to a determination that she was free from preseparation fault in view of the 1976 amendment to Civil Code article 141, which provides that a separation can be granted even though both parties are mutually at fault. The amendment was effective October 1, 1976, and Freída Bordelon’s suit was filed December 16, 1976, after its effective date.
The wife’s petition for separation alleges various instances of physical and mental cruelty by her husband. It also alleges that she had given him no cause for ill treatment. No preseparation fault on her part was alleged in the suit for separation and no postseparation fault in her husband’s subsequent suit for divorce. Although the separation was not contested by the husband, he was represented by counsel throughout the separation proceedings, which included a preliminary injunction against disposal of the community assets and a stipulation about alimony pendente lite and child support. The attorney for the husband approved the form of the judgment of separation. The husband is not entitled to relitigate the issue of his wife’s preseparation fault now. Although the amendment of LSA-C.C. art. 141 allows a separation when there is mutual fault, there is no allegation or evidence of mutuality of fault. The judgment of separation determined preseparation marital fault between the parties. The husband chose not to contest the issue at the time of the judgment of separation and cannot reopen it now. See Wilson v. Wilson, 317 So.2d 629 (La.App. 1 Cir. 1975), writ denied, 320 So.2d 912; Nethken v. Nethken, 307 So.2d 563 (La., 1975); and Bruner v. Bruner, 364 So.2d 1015 (La., 1978).
II. PERMANENT ALIMONY
The trial court correctly refused to reliti-gate the question of the wife’s fault but concluded that she is not presently entitled to permanent alimony, apparently because of a determination that she has sufficient means for her support under LSA-C.C. art. 160.[2]
The trial court concluded that Freida Bordelon is not entitled to alimony at this time. The record establishes that she has sufficient means for her maintenance, although not in the style she enjoyed during the marriage. Her assets are valued at over $300,000. While many of these are not liquid, she does have $57,000 in savings which was received from the sale of the family home and $31,580.37 in stocks and bonds with a liquid value. There are other assets with substantial worth, including a twenty-five (25%) percent interest in Opel-ousas Medical Center Realty, Inc., which has net earnings of approximately $30,000 a year. According to Dr. Martinez, his former wife will receive $550 a month in dividends from this corporation. Although Ms. *1283 Bordelon testified that the only house she had found for sale to meet her needs was priced at $63,000, she is presently drawing interest on the $57,000 while living in a rented house. A wife is not required to sell a home in which she is living to be entitled to permanent alimony, but a prospective purchase of another home does not deprive her of present income from the funds on hand. See Loyacano v. Loyacano, 358 So.2d 304 (La., 1978). Compare Boisfontaine v. Boisfontaine, 357 So.2d 90 (La.App. 4 Cir. 1978), writs denied, 358 So.2d 644, 645. If her circumstances undergo a change and her means become insufficient, Freida Bor-delon can reopen the question of permanent alimony.
III. FEES OF NOTARY AND APPRAISERS
The Notary Public appointed to inventory the community, Stephen J. Ledet, Jr., testified that counsel for both parties approved his appointment of John W. Wilson and Glinden J. Leger as expert appraisers to assist in the inventory. It was stipulated that Wilson and Leger are expert real estate appraisers. Each asked a fee of $1,400. The trial court set the Notary’s fee at $1,800 and that of the appraisers at $1,000 each. Both parties to the suit contend that these fees should be reduced. The Notary testified that he spent over 55V2 hours on the inventory. After reviewing the extensive testimony of the Notary and appraisers about the work done in appraising a community of assets valued at over $600,000, we cannot say the fees awarded are excessive.
IV. THE DIAMOND RING
Dr. Martinez testified that he purchased the diamond ring in dispute from his brother Paul, who had acquired it from the estate of their mother. The question of the ring’s ownership never arose during the marriage, but it is agreed that it has always been worn by Freida Bordelon. She contends that it was purchased as a gift for her, while he contends that he didn’t mind her wearing it but did not intend it as a present. The ring has been in the wife’s possession since its purchase and the evidence indicates that it was a manual gift of a movable to the wife, C.C. art. 1539.[3]
For the foregoing reasons, the judgment of the trial court herein is affirmed. All costs of appeal are taxed to Dr. Joseph B. Martinez, III.
AFFIRMED.

. Freida Bordelon is designated the appellant because hers were the first perfected.

. LSA-C.C. art. 160:
“When the wife has not been at fault, and she has not sufficient means for her support, the court may allow her, out of the property and earnings of the husband, alimony which shall . not exceed one-third of his income when:
1. The wife obtains a divorce;
2. The husband obtains a divorce on the ground that he and his wife have been living separate and apart, or on the ground that there has been no reconciliation between the spouses after a judgment of separation from bed and board, for a specified period of time; or
3. The husband obtained a valid divorce from his wife in a court of another state or country which had no jurisdiction over her person. This alimony shall be revoked if it becomes necessary, and terminates if the wife remarries.”

. C.C. art. 1539:
“The manual gift, that is, the giving of corporeal movable effects, accompanied by a real delivery, is not subject to any formaility.”