388 So.2d 398 (1980)
Nettie L. KEAN
v.
Wilbur Amiss KEAN.
No. 13352.
Court of Appeal of Louisiana, First Circuit.
June 9, 1980.
*399 William H. Cooper, Baton Rouge, for plaintiff-appellee, Nettie L. Kean.
Harvey H. Posner, Baton Rouge, for defendant-appellant, Wilbur Amiss Kean.
Before EDWARDS, LEAR and WATKINS, JJ.
EDWARDS, Judge.
Nettie L. Kean, plaintiff-appellee, brought suit against her husband, Wilbur Amiss Kean, seeking a divorce on the grounds of cruel treatment and adultery. Subsequent to a judgment granting plaintiff an absolute divorce from the defendant and awarding her permanent custody of their only remaining minor child, David Martin Kean, Mrs. Kean filed a rule to fix alimony. From a judgment fixing alimony at $1,500.00 per month, Wilbur A. Kean appeals. We affirm.
The statutory basis for alimony after divorce is LSA-C.C. Art. 160. As amended by Act 72 of 1979, effective June 29, 1979, Art. 160 provides:
"When a spouse has not been at fault and has not sufficient means for support, the court may allow that spouse, out of the property and earnings of the other spouse, alimony which shall not exceed one-third of his or her income. Alimony shall not be denied on the ground that one spouse obtained a valid divorce from the other spouse in a court of another state or country which had no jurisdiction over the person of the claimant spouse. In determining the entitlement and amount of alimony after divorce, the court shall consider the income, means, and assets of the spouses; the liquidity of such assets; the financial obligations of the spouses, including their earning capacity; the effect of custody of children of the marriage upon the spouse's earning capacity; the time necessary for the recipient to acquire appropriate education, training, or employment; the health and age of the parties and their obligations to support or care for dependent children; any other circumstances that the court deems relevant.
In determining whether the claimant spouse is entitled to alimony, the court shall consider his or her earning capacity, in light of all other circumstances.
This alimony shall be revoked if it becomes unnecessary and terminates if the spouse to whom it has been awarded remarries."
Art. 160 as amended in 1979 is applicable to the present case since the rule to fix alimony was filed on July 27, 1979.
Appellant specifies two errors:
1. Because Mrs. Kean failed to prove that she was without sufficient means for support, any award of alimony was erroneous.
2. Presuming plaintiff was entitled to some alimony, the amount awarded, $1,500.00 per month, was grossly excessive and, as an abuse of the trial court's discretion, should be reduced.
Mrs. Kean is a forty-five year old registered nurse who has returned to her profession after twenty-four years of marriage. She earns approximately $780.00 per month and after taxes takes home roughly $635.00. Appellee's ability to work more than thirty hours per week is curtailed by arthritis from which she has suffered since the early 1960's and which twice has necessitated surgery. In addition, appellee is hampered by a degenerative disease of the tendons associated with arthritis.
While Mrs. Kean received $62,000.00 as her share of the proceeds from the sale of the prior family home, as well as some *400 $63,000.00 in advances on the as yet unpartitioned community, living expenses used up all but $28,000.00 which was the down payment on a $97,000.00 home purchased by appellee for the use of herself and her minor son. Furthermore, all advances on partition of the community ceased as of July, 1979.
It is apparent that appellee's present means consist of $635.00 per month in salary plus the $28,000.00 equity in her home. She has little or no liquid assets.
Several cases have held that $20,000 in liquid assets will defeat a claim for permanent alimony. Smith v. Smith, 217 La. 646, 47 So.2d 32 (1950); Paddison v. Paddison, 255 So.2d 504 (La.App. 4th Cir. 1971). However, a wife need not always sell her real estate holdings simply because $20,000 in liquid assets could be realized from such a sale. Petty v. Petty, 372 So.2d 805 (La.App. 3rd Cir. 1979). This rule is particularly applicable in the case of a home being used to house minor children. La Hood v. La Hood, 340 So.2d 624 (La.App. 2nd Cir. 1976). Only when large sums are tied up in extravagant housing will the continued possession of a home be considered sufficient means to defeat alimony. Sonfield v. Deluca, 377 So.2d 380 (La.App. 4th Cir. 1979).
In the present case, Mrs. Kean's purchase of a $97,000 home following the sale for $175,000 of the former family domicile was reasonable, especially since she provides housing for her minor son.
Loyacano v. Loyacano, 358 So.2d 304 (1978), and Bernhardt v. Bernhardt, 283 So.2d 226 (1973), list the expenses for which alimony may be allowed: food, shelter, clothing, reasonable and necessary transportation or automobile expenses, medical and drug expenses, utilities, household expenses and the income tax liability caused by alimony.
Mrs. Kean lists her minimal monthly expenses as follows:

 1. House note (principal & interest
 only) $ 651.00
 2. Food and Household Supplies (includes
 milk, etc.) 250.00
 3. Clothing 175.00
 4. Transportation 75.00
 5. Medical and Dental 50.00
 6. Utilities:
 Telephone - 40.00
 Gulf States - 130.00
 Water - 10.00 180.00
 ------
 7. Laundry and Cleaning 25.00
 8. Personal and Grooming Necessities 20.00
 9. Educational Expenses (school,
 lunch, books, etc.) 35.00
10. Property taxes 12.50
11. Insurance (Homeowners, Blue
 Cross, Auto) 60.00
12. Dog 30.00
13. Newspaper/Magazines 10.00
14. Gifts 30.00
15. Allowance to minor son 135.00
16. Miscellaneous 150.00
 _________
 TOTAL $1,888.50

In addition, appellee lists outstanding debts as follows:

1. Eleanor Dent Realtor 2,000.00
2. Federal Taxes 11,000.00
3. Episcopal School 1,100.00
4. Robert L. Kleinpeter, attorney 2,600.00
5. Sears 1,000.00
 __________
 TOTAL $17,700.00

Under Loyacano and Bernhardt, alimony cannot be allowed for the educational expenses, dog, newspaper/magazine, gifts, allowance to minor son and miscellaneous. Subtracting these items from appellee's monthly expense total leaves $1,498.50. When Mrs. Kean's monthly take-home salary of $635.00 is considered, there remains a monthly deficit of only $863.50. Under the jurisprudence, appellee would be limited to this amount.
LSA-C.C. Art. 160 goes beyond the case law, however, and requires that the financial obligations of the spouses be considered as well as "any other circumstances that the court deems relevant." Clearly, the fact that Mrs. Kean has debts of $17,700 which need servicing, including a federal tax lien of $11,000, must be included in any computation of alimony. Furthermore, an alimony award of $1,500 per month will result in a monthly tax liability of several hundred dollars.
Appellee has the burden of proving necessitous circumstances. Frederic v. Frederic, *401 302 So.2d 903 (1974). Until need has been demonstrated, the other spouse's financial means are irrelevant. Moss v. Moss, 379 So.2d 1206 (La.App. 3rd Cir. 1980).
Mrs. Kean has proved both need and that she has not sufficient means for her support. Her testimony and evidence were uncontradicted. As stated by the Louisiana Supreme Court in Pearce v. Pearce, 348 So.2d 75 (1977):
"In the area of domestic relations, much discretion must be vested in the trial judge and particularly in evaluating the weight of evidence which is to be resolved primarily on the basis of the credibility of witnesses. The trial judge having observed the demeanor of the witnesses is in the better position to rule on their credibility. The factual findings of the trial court are therefore to be accorded very substantial weight on review." (citation omitted).
After a searching review of the record, we cannot say that the trial judge abused his discretion in weighing the evidence, applying the law, and awarding $1,500.00 per month to Mrs. Kean.
Appellant urges that the award of alimony made was "grossly excessive." We find such not to be the case.
Mr. Kean's salary at Kean's Dry Cleaning and Laundry in 1978 was $62,442, his partnership earnings were $98,583, and his adjusted gross income was $158,007. He paid federal and state taxes of $65,273, leaving a net income of $92,734. Appellant points out that even though he paid taxes on all his partnership earnings, the partnership retained $45,351 of his net earnings, for business purposes which left him with a disposable income of only $47,383.
Whether appellant may, by diverting nearly half his net income for legitimate business purposes, lower his take-home pay to a point which would make an otherwise valid alimony award exceed the permitted one-third of his net income[1] is a question analogous to that raised in Sonfield v. Deluca, supra, where a wife was not permitted to sink great sums into unnecessary housing and thereby create insufficient means for her support. We need not decide this issue since it is evident that appellant has sufficient non-cash income[2] to raise his take-home pay to a point which will allow the award of $1,500 per month to stand.
Mr. Kean has the use of the company car. He may purchase work clothes at cost and pays nothing for laundry or dry cleaning. Both dues at the Baton Rouge Country Club and life insurance premiums are provided at no cost. Finally, as president of Ventura Uniform Service, Mr. Kean enjoys the free use of a houseboat, on which he spends approximately $400 per month in upkeep.
These non-salary benefits are certainly worth at least $6,617 per year, a sum which, when added to appellant's claimed take-home pay of $47,383, results in net earning of $54,000 per year.
Considering all aspects of appellant's financial situation, no "grossly excessive" alimony award was made. In fact, the circumstances in this case are remarkably similar to those in Boisfontaine v. Boisfontaine, 357 So.2d 90 (La.App. 4th Cir. 1978), writ denied 358 So.2d 644 (1978), where an identical alimony award of $1,500 per month was made.
At oral argument, counsel for both parties conceded that the as yet undivided community was substantial. Should an eventual partition of the community radically alter appellee's means, Bordelon v. Martinez, *402 371 So.2d 1280 (La.App. 3rd Cir. 1979), or should other pertinent circumstances change, appellant may file for either a reduction or a complete elimination of alimony. Under the present facts, the award of alimony made was proper.
For the foregoing reasons, the trial court judgment is affirmed. All costs of these proceedings, both trial and appellate, are to be paid by Wilbur Amiss Kean.
AFFIRMED.
NOTES
[1] C.C. Art. 160 states simply "one-third of his or her income." The jurisprudence has construed this to be net income, thus requiring a court to take a party defendant's tax situation into consideration. Meyer v. Meyer, 371 So.2d 1304 (La.App. 4th Cir. 1979), writ denied 373 So.2d 546 (1979); Phillpott v. Phillpott, 321 So.2d 797 (La.App. 4th Cir. 1975).
[2] Non-cash income may be taken into consideration when alimony is fixed. Ballard v. Ballard, 367 So.2d 1220 (La.App. 2nd Cir. 1979); Nielsen v. Nielsen, 343 So.2d 1213 (La.App. 4th Cir. 1977).