416 So.2d 241 (1982)
Anthony S. ODDO, Jr.
v.
Geraldine Conrad ODDO.
No. 14864.
Court of Appeal of Louisiana, First Circuit.
May 25, 1982.
*242 Mark Alan Jolissaint, Slidell, for plaintiff-appellee.
Robert C. Lowe, New Orleans, for defendant-appellant.
Before LOTTINGER, EDWARDS and SHORTESS, JJ.
EDWARDS, Judge.
Plaintiff, Anthony Oddo, was awarded a divorce from his wife, Geraldine Oddo, on the basis of their having lived separate and apart for a period in excess of one year. The judgment awarding divorce also granted Mrs. Oddo alimony in the amount of $275.00 per month. She has appealed that judgment, seeking an increase in the alimony award.
Mrs. Oddo, age 50, is a clerical specialist who has been employed by the Municipal Court of New Orleans for approximately two years. Her gross income is $655.38 per month; her net income is $421.72 per month. Additionally, she receives another $37.00 per month in tenure payments. She lives with her mother in a home which is part of the community property acquired by Mr. and Mrs. Oddo during their marriage. Mrs. Oddo's mother, who has been renting the house for seven or eight years, pays $100.00 per month in rent, which Mrs. Oddo uses to pay the $97.00 monthly mortgage note. Additionally, Mrs. Oddo's mother pays the entire electricity and gas bill. Mrs. Oddo testified that she was repairing an apartment located on the property and would soon move into it. She testified that she intends to pay one-half of the monthly mortgage note and one-half of the utility bills when she moves into that apartment. Mrs. Oddo claimed monthly expenses of $1,285.10, itemized as follows:

Rent or Mortgage ............. $ 45.00
House Insurance .............. 21.00
Utilities .................... 80.00
Telephone .................... 20.00
Maintenance and Repair ....... 50.00
Yard Maintenance ............. 20.00
Exterminating Co. ............ 15.00
Food ......................... 150.00
Clothing ..................... 50.00
Medical ...................... 16.00
Dental ....................... 50.00
Drugs ........................ 15.00
Hospital ..................... 10.00
Lunch Money .................. 60.00
Auto replacement ............. 250.00
Repair and Maintenance ....... 50.00
Gasoline ..................... 80.00
Auto Insurance ............... 29.50
Cosmetics and Drugstore ...... 20.00
Haircuts ..................... 20.00
Cleaners ..................... 10.00
Appliance Repair ............. 5.00
Clubs ........................ 30.00
Newspaper .................... 3.60
Pets ......................... 15.00
Gifts ........................ 20.00
Church ....................... 25.00
Miscellaneous ................ 125.00

Alimony after divorce is authorized by LSA-C.C. art. 160. This alimony is only due if the spouse seeking it proves that he or she is in necessitous circumstances. Frederic v. Frederic, 302 So.2d 903 (La.1974); Kean v. Kean, 388 So.2d 398 (La.App. 1st Cir. 1980). The spouse who demonstrates *243 need for permanent alimony is only entitled to an amount sufficient to provide for his or her maintenance. Ward v. Ward, 339 So.2d 839 (La.1976). Those items which are encompassed by the term "maintenance" are: food, shelter, clothing, reasonable and necessary transportation or automobile expenses, medical and drug expenses, utilities, household expenses and the income-tax liability caused by alimony. Loyacano v. Loyacano, 358 So.2d 304 (La.1978); Kean v. Kean, supra. The amount of alimony fixed by the trial court should not be modified unless the record reveals that it abused the sound discretion with which it is vested under LSA-C.C. art. 160.
With a net income of approximately $421.72 per month, plus $37.00 in monthly tenure payments, Mrs. Oddo clearly demonstrated her need for alimony. The record reveals that the reasonable monthly expenses necessary for defendant's support exceeded her income.
It is also obvious, however, that many of the expenses listed by Mrs. Oddo do not fit into the categories allowed for purposes of determining alimony after divorce. The expenses listed for cosmetics, haircuts, clubs, newspaper, pets, gifts and church, totaling $133.60 monthly, are not included within those types of expenses which are to be considered for purposes of alimony after divorce. Similarly, no explanation was offered for the $125.00 miscellaneous expense listed and it should not be included for purposes of computing what Mrs. Oddo needs for her maintenance. Finally, while reasonable automobile or travel expenses are necessary for a spouse's maintenance, we note that Mrs. Oddo's list contains a $250.00 per month automobile replacement expense as well as $50.00 per month for automobile repairs and maintenance, $80.00 for gasoline and $29.50 per month for automobile insurance. We conclude that the $250.00 per month automobile replacement expense is excessive and should not be included in what is reasonably necessary for Mrs. Oddo's maintenance.[1]
Mrs. Oddo's list of monthly expenses totaled $1,285.10. From that amount should be subtracted those items which are not properly considered as necessary for her maintenance, as well as the $125.00 miscellaneous expense and the $250.00 automobile replacement expense. This leaves a total of $776.50 which is actually necessary for Mrs. Oddo's maintenance. Her monthly net income is $421.72, leaving her in need of an additional $354.78 per month. When we considered the fact that she also receives an additional $37.00 per month in tenure payments, the trial court's award of $275.00 per month in alimony did not exceed the bounds of its discretion.
For the foregoing reasons, the judgment of the district court is affirmed. All costs of these proceedings are to be paid by defendant-appellant.
AFFIRMED.
NOTES
[1] Mrs. Oddo testified at trial that her present automobile was in need of repair and that the $250.00 automobile replacement expense is what she needed to buy a new one. However, a spouse is only entitled to reasonable and necessary transportation or travel expenses and these expenses have been included in the other expenses noted above.