427 So.2d 558 (1983)
Joseph Russell DARBONNE, Plaintiff-Appellant,
v.
Betty Breaux DARBONNE, Defendant-Appellee.
No. 82-548.
Court of Appeal of Louisiana, Third Circuit.
February 3, 1983.
Logan E. Nichols, Jennings, for plaintiff-appellant.
Marcantel & Marcantel, Bernard Marcantel, Jennings, for defendant-appellee.
Before DOMENGEAUX, FORET and DOUCET, JJ.
DOUCET, Judge.
Joseph Darbonne and Betty Breaux were married on October 23, 1946. They separated March 22, 1981. A judgment of separation was granted July 30, 1981, at which time Mrs. Darbonne was awarded $1,150.00 per month as alimony pendente lite. The separation was granted based on Mr. Darbonne's fault. There are children of the marriage, now all majors. There was a *559 division of their community assets, voluntarily agreed to by the parties, on May 7, 1982. Mrs. Darbonne received assets valued in excess of $130,000.00 in this division of the community. Mr. Darbonne petitioned the court for a divorce on April 22, 1982. Mrs. Darbonne reconvened, asking for post divorce alimony. Trial was fixed on July 29, 1982. The trial court granted the divorce and awarded Mrs. Darbonne $200.00 per month as alimony after the divorce. Mr. Darbonne appeals that award. Mrs. Darbonne answers the appeal and requests a modification of the award to increase the amount of post divorce alimony to the sum awarded as alimony pendente lite.
Mrs. Darbonne is fifty four years of age, and without a high school education. Testimony indicates that she is nervous and depressed, but otherwise in fairly good health. She has not worked outside the home in thirty years. Her children testified that they handle most of her affairs, including shopping, and that she is a very frugal woman.
Mr. Darbonne is employed by Houston Fishing Tools, an oil field service company, and earned approximately $3,300.00 per month at the time of trial. He was also characterized by the children as being of conservative spending habits.
In the division of the community assets, Mrs. Darbonne received the following:

Home, valued at $28,000.00
Account at Home Savings &
 Loan 37,799.00
Checking account 12,890.00
Cashier's check, community
 division 37,260.79
Half of 6 year savings
 certificate 7,500.00
Half of debt owed by children 5,000.00
 __________
Total 128,449.79

She also owns an undivided one half interest in the following:
121 shares of Steel Met stock 10 shares of Geosource stock 7 ½ acres of land in Allen Parish, Louisiana.
These last listed assets have not been assigned a value, and do not appear to be income producing to her at this time. The cashier's check from the community property settlement has not been cashed or invested by Mrs. Darbonne, and so is not drawing interest for her. The interest income from the account at Home Savings and Loan of Lafayette was established to be approximately $400.00 per month and it is reasonable to assume that the amount represented by the cashier's check would earn a like amount if invested by Mrs. Darbonne. Her expenses, as submitted to the trial court, average $1,200.00 per month.
Article 160 of the Revised Civil Code of this State sets forth the criteria for determining an award of post divorce alimony:
When a spouse has not been at fault and has not sufficient means for support, the court may allow that spouse, out of the property and earnings of the other spouse, alimony which shall not exceed one-third of his or her income. Alimony shall not be denied on the ground that one spouse obtained a valid divorce from the other spouse in a court of another state or country which had no jurisdiction over the person of the claimant spouse. In determining the entitlement and amount of alimony after divorce, the court shall consider the income, means, and assets of the spouses; the liquidity of such assets; the financial obligations of the spouses, including their earning capacity; the effect of custody of children of the marriage upon the spouse's earning capacity; the time necessary for the recipient to acquire appropriate education, training, or employment; the health and age of the parties and their obligations to support or care for dependent children; any other circumstances that the court deems relevant.
In determining whether the claimant spouse is entitled to alimony, the court shall consider his or her earning capability, in light of all other circumstances.
This alimony shall be revoked if it becomes unnecessary and terminates if the spouse to whom it has been awarded remarries. *560 The means and needs of the claimant spouse must be considered. The needs are the needs for maintenance and include not only the basic necessities of life, but also other reasonable and necessary expenses. Loyacano v. Loyacano, 358 So.2d 304 (La. 1978). However, this does not mean the manner of living which the claimant spouse enjoyed during the marriage. Boisfontaine v. Boisfontaine, 357 So.2d 90 (La.App. 4th Cir.1978), rehearing denied, writ denied 358 So.2d 644.
Mrs. Darbonne lists expenses which average approximately $1,200.00 per month. Some of these expenses are not included in those considered basic to her maintenance, such as a yard man, beauty shop expense, etc. Her income from investments, without depleting any of her cash assets, would be approximately $1,000.00, as determined by the trial court. Considering only those expenses which are basic necessities and reasonable and necessary expenses, the income which Mrs. Darbonne would receive from her assets, without any depletion of those assets, would suffice for her maintenance.
The means of Mrs. Darbonne include assets with a known value of $128,449.79, of which $87,949.79 (checking and savings accounts, cashier's check) is cash, or "liquid" assets. Frederic v. Frederic, 302 So.2d 903 (La.1974) rehearing denied. These liquid assets must be depleted, to some extent, before a spouse is entitled to post divorce alimony. Webster v. Webster, 308 So.2d 302 (La.App. 1st Cir.1975) rehearing denied. The extent of asset depletion required is difficult to assess, and so a "reasonableness" standard has been imposed upon our courts, leaving it in the discretion of the trial court to make the determination. Loyacano, supra.
In this case, the trial court, while recognizing the means of the claimant spouse to include investment income, both real and potential, sufficient to supply her basic needs, did not consider that in making the award, and further, did not require any depletion of her liquid assets before making an award of post divorce alimony. For these reasons, we hold that the trial court abused its discretion in making the award of $200.00 per month as post divorce alimony to Mrs. Betty Breaux Darbonne, and further hold that Mrs. Darbonne is not entitled to post divorce alimony at this time.
Costs of this appeal to be borne equally by the litigants.
The judgment of the trial court is set aside.