428 So.2d 875 (1983)
Charmaine Richard RENFROE
v.
Warren Leroy RENFROE.
No. 82 CA 0485.
Court of Appeal of Louisiana, First Circuit.
February 22, 1983.
F. Smith Knobloch, of Knobloch & Knobloch, Thibodaux, for plaintiff-appellee Charmaine Richard Renfroe.
John Bourgeois, Thibodaux, for defendant-appellant Warren Leroy Renfroe.
Before EDWARDS, WATKINS and SHORTESS, JJ.
WATKINS, Judge.
Charmaine Richard Renfroe, the plaintiff, and Warren Leroy Renfroe, the defendant, were married on June 23, 1972, in Lafourche Parish. Two children were born of the marriage, Warren Joseph Renfroe and Lacey Marie Renfroe. On September 17, 1981, Mrs. Renfroe filed a petition of separation, alleging cruel treatment. The defendant was ordered to pay plaintiff $400 per month in alimony pendente lite, $400 per month in child support, plus all necessary medical and dental expenses. On April 8, 1982, Mrs. Renfroe amended her petition to seek a divorce on the grounds of adultery. After trial on the merits, the trial court granted the wife a judgment of divorce, awarding her the custody of the two minor children. The husband was ordered to pay $300 per month permanent alimony and $200 per month child support for each of the two minor children. The husband appealed, seeking reduction of the amounts awarded for alimony and child support.
The defendant is currently employed as a boat captain and earns a net salary of $2,400 per month. He testified that he lives on the boat 30 days out of the month, and that his meals are provided on the boat. His only substantial living expenses are related to providing a home, food and transportation for his girlfriend and her son.
On appeal, the defendant's principal argument is that the award constitutes an abuse of discretion in that the amount awarded is not supported by the record. First, the defendant complains that the trial court awarded the plaintiff approximately $160 more per month than the expenses she proved. The defendant also argues that the record does not support a conclusion that the plaintiff lacks sufficient means for *876 her support or that the plaintiff is in necessitous circumstances.
To be entitled to permanent alimony under La.Civ.Code art. 160, the petitioning spouse must establish that she has insufficient means to support or maintain herself. Frederic v. Frederic, 302 So.2d 903 (La. 1974). The record shows that Mrs. Renfroe earns an approximate net income of $115 per week. Although a question exists regarding the exact amount of the plaintiff's expenses, it is clear that even using defendant's figures plaintiff needs far more than $115 per week to support herself and the two minor children. The record discloses no other means of support available to the plaintiff. The plaintiff owns no real property; she rents the apartment in which she and the children live; and she has no savings account. The plaintiff has proved both that there is need and that she has not sufficient means for her support.
A review of the plaintiff's testimony relevant to her living expenses indicates that her expenditures for necessary living expenses comprise more than the items she listed at trial. Several necessary living expenses were not even listed. One obvious omission is the clothing expense for the plaintiff and the two children. Also, the plaintiff testified that both children were receiving day care services, and that the cost was $50 per week for the daughter. The defendant contends the total day care expense is $200 per month. Yet, if the cost for the day care services for the daughter is $50 per week ($200 per month) and both children are receiving day care services, it is apparent that day care expense for the two children is in excess of $200 per month. Furthermore, the record shows that the defendant was paying the plaintiff $800 per month in alimony pendente lite and child support. According to the plaintiff's uncontroverted testimony, however, not only did her living expenses consume the full $800, but she had to close out her savings account as well.
Much discretion is vested in the trial court in determining the amount of alimony and child support. In the absence of a clear showing of abuse of discretion, the amount set by the trial judge will not be disturbed on appeal. Nicholle v. Nicolle, 308 So.2d 377 (La.App. 4th Cir.1975); Favrot v. Favrot, 219 So.2d 594 (La.App. 1st Cir.1968). The plaintiff's attempt to itemize her individual monthly expenditures is obviously incomplete. However, we are of the opinion that the record as a whole supports the award, as we are convinced that it established that the necessary living expenses of plaintiff and the two children exceeded the total of the particular items listed by plaintiff. And in view of the great discretion vested in the trial court in the award of alimony and child support, we cannot say the trial court clearly abused its discretion.
The appellant urges that because he has incurred substantial debts subsequent to the separation that he should not be required to pay $300 per month alimony and $400 per month child support. We find no merit in the argument that the defendant can avoid the payment of alimony and child support by incurring substantial post separation debts.
For the foregoing reasons the judgment of the trial court is affirmed in all respects. Defendant is to bear all costs.
AFFIRMED.