469 So.2d 458 (1985)
Judith Ann Champion VESPER, Plaintiff-Appellee,
v.
Theron Kent VESPER, Defendant-Appellant.
No. 84-426.
Court of Appeal of Louisiana, Third Circuit.
May 15, 1985.
*459 Edward J. Marquet, Lafayette, for defendant-appellant.
J. Lomax Jordan, Jr., Lafayette, for plaintiff-appellee.
Before GUIDRY, FORET and KNOLL, JJ.
GUIDRY, Judge.
The sole issue on appeal is the plaintiff's entitlement to alimony after divorce. On April 3, 1981, the parties were judicially separated. In that judgment, the defendant, Theron Kent Vesper, was ordered to pay to the plaintiff, Judith Ann Champion Vesper, alimony pendente lite in the amount of $1,500.00 per month. On April 12, 1982, a judgment of divorce was rendered on the grounds of living separate and apart for a period of one year. Plaintiff was awarded custody of the two minor children of the marriage and permanent alimony in the sum of $1,500.00 per month. No mention was made of child support in the divorce decree. The parties had stipulated that child support was to be included in the $1,500.00 per month alimony payments. Defendant filed a rule to decrease alimony and to set child support on February 21, 1984. At this time, one of the children had reached the age of majority. Pursuant to the rule, the trial court set child support in the amount of $300.00 per month and alimony was reduced to the sum of $700.00 per month. From this judgment, defendant appeals.
*460 Defendant-appellant contends that the trial court erred in its award of permanent alimony to Mrs. Vesper.
The original alimony award of $1,500.00 per month was rendered with the consent of defendant. This consent amounted to a judicial admission by him that Mrs. Vesper was entitled to alimony. Thus, when he filed his rule to reduce such, he carried the burden of proving that his or his wife's circumstances had substantially changed. Loyacano v. Loyacano, 358 So.2d 304 (La.1978).
In the present case, defendant has sufficiently proven the necessary change of circumstances to warrant a reduction in his alimony payments. At the time of his divorce from Mrs. Vesper, defendant was employed by Offshore Logistics, Inc. as Vice President of Administration and was earning over $5,000.00 per month. Due to the recession in the oil industry, defendant left his job with Offshore Logistics and started working for the CPA firm of Baudoin, Durnnan & Bass as a consultant. His earnings were reduced to a bi-monthly draw of between $1,400.00 to $1,700.00. Additionally, Mrs. Vesper had only her 14 year old son living with her at the time of the rule.
La.C.C. Art. 160 sets forth the criteria for determining an award of post divorce alimony. An award shall not exceed one-third of the payor's income. The initial inquiry is a determination of whether the claimant spouse has sufficient means for her support. In considering whether the spouse has sufficient means, the courts examine the expenses required to procure the basic necessities of life, such as food, shelter and clothing. Also included in the determination are reasonable and necessary automobile expenses, medical and drug expenses, utilities, household expenses, and income tax liability arising from the alimony payments. Jordan v. Jordan, 432 So.2d 314 (La.App. 5th Cir. 1983), writ denied, 438 So.2d 1111 (La. 1983). The claimant spouse is not, however, entitled to be maintained in the same manner of living which he or she enjoyed during the marriage. Boisfontaine v. Boisfontaine, 357 So.2d 90 (La.App. 4th Cir. 1978), writ denied, 358 So.2d 644 and 645; Darbonne v. Darbonne, 427 So.2d 558 (La. App. 3rd Cir.1983).
Factors to consider in determining the amount of alimony to be awarded include the income, means and assets of the spouses, the liquidity of the assets, the financial obligations of the spouses, including their earning capacity, the health and age of the parties and any other circumstances that the court deems relevant. Jordan v. Jordan, supra.
Much discretion is vested in the trial court in determining the amount of alimony. In the absence of a clear showing of abuse of discretion, the amount set by the trial judge will not be disturbed on appeal. Renfroe v. Renfroe, 428 So.2d 875 (La.App. 1st Cir.1983); Gautreaux v. Gautreaux, 382 So.2d 996 (La.App. 1st Cir.1980).
Our review of the record reveals the following pertinent facts. Mrs. Vesper is 39 years old. She quit high school in her junior year in order to marry defendant. She later received a G.E.D. certification. Mrs. Vesper has minimal secretarial skills. She was formerly employed as a secretary for J.R. Smith and Associates at a salary of $1,000.00 per month. Some four years prior to trial of this rule, she received a realtor's license and has since worked for J.R. Smith and Associates in that capacity. She also serves as an interior decorator for J & R Concepts, a building company owned by J.R. Smith. Mrs. Vesper is the president and sole stockholder of a company called J.C.V. Limited which is a real estate holding company. She testified that she derives no income from this company. Mrs. Vesper was making approximately $600.00 per month as a realtor. This figure is significantly less than what she had previously made as a realtor, due to the slow down in the real estate market in Lafayette. Her listed expenses far exceed her income. Her total monthly expenses, including an $817.00 monthly house note, exceed $1,400.00.
*461 Appellant urges that Mrs. Vesper should not be entitled to post divorce alimony "until such time as she has substantially reduced her assets." Appellant contends that since he has depleted a large portion of his assets (savings accounts, stock, etc.) in order to make his alimony payments to Mrs. Vesper, she should likewise be required to liquidate some of her assets before being entitled to demand alimony from him.
Our jurisprudence has held that a spouse's liquid assets must be depleted, to some extent, before a spouse is entitled to post divorce alimony. Webster v. Webster, 308 So.2d 302 (La.App. 1st Cir.1975); Darbonne v. Darbonne, supra. However, a wife is not required to sell her home or to deplete her assets entirely before she is entitled to alimony under Article 160. Hodnett v. Hodnett, 347 So.2d 17 (La.App. 3rd Cir.1977), writ denied, 351 So.2d 154 (La.1977); Super v. Super, 397 So.2d 1084 (La.App. 4th Cir.1981), writ denied, 399 So.2d 583 (La.1981).
In the instant case, Mrs. Vesper does not have any liquid assets at her disposal. From the community property settlement, Mrs. Vesper acquired the community equity in a $140,000.00 patio home, a 1981 Cadillac Eldorado, a fur coat, a Rolex watch, a baby grand piano, fine crystal, silverware, and other household furnishings.[1] We find no clear error in the trial court's finding that Mrs. Vesper is without sufficient means for her support. Although Mrs. Vesper possesses some assets, the law does not require that she sell these in order to support herself.
Defendant further argues that he is no longer able to provide post divorce alimony to Mrs. Vesper because of his own financial situation. As was previously mentioned, Mr. Vesper's income has decreased from $5,000.00 to approximately $3,000.00 per month. Since his divorce, Mr. Vesper has remarried and purchased a $113,000.00 home, the monthly house payments being $1,150.00. He has also bought $700.00 worth of furniture for his new house. His new wife is employed and makes approximately $800.00 per month. Mr. Vesper owns two cars, a 1958 collector's item Corvette (valued at $13,000.00), and a 1979 Cadillac Seville. He also owns the home in which his mother lives. Mr. Vesper owns 600 shares of Offshore Logistic's stock worth approximately $4,400.00. He has checking and savings accounts with balances of between $300.00-400.00.
Clearly, the bulk of Mr. Vesper's financial obligations arose subsequent to his divorce from Mrs. Vesper. It is well settled that a defendant cannot avoid the payment of alimony by incurring substantial post separation debts. Renfroe v. Renfroe, supra.
Our careful review of the record reveals no clear abuse of discretion by the trial court in ordering defendant to pay $700.00 per month in post divorce alimony.
For the above and foregoing reasons, the judgment appealed from is affirmed. The defendant-appellant is to pay all costs of these proceedings.
AFFIRMED.
NOTES
[1] As aforestated, Mrs. Vesper presently is obligated to pay $817.00 monthly on the home acquired by her in the settlement of the former community.