470 So.2d 480 (1985)
Betty Marie Boudreaux DUPLANTIS
v.
Kenneth Patrick DUPLANTIS.
No. CA 84 0426.
Court of Appeal of Louisiana, First Circuit.
May 29, 1985.
*481 Douglas H. Greenburg, Houma, for plaintiff and appellee Betty Marie Boudreaux Duplantis.
Edward James Gaidry, Houma, for defendant and appellant Kenneth Patrick Duplantis.
Before COLE, CARTER and LANIER, JJ.
COLE, Judge.
The issue in this domestic case is whether or not appellant established a sufficient change in circumstances to justify a reduction in alimony.
Appellant, Kenneth Patrick Duplantis, and appellee, Betty Boudreaux Duplantis, were married on May 7, 1966 and divorced on January 7, 1982. The divorce judgment awarded custody of the two children born of the marriage to Mrs. Duplantis. Mr. Duplantis was ordered to pay $818.00 per month in child support and $381.00 per month in alimony to Mrs. Duplantis. On November 18, 1983 Mr. Duplantis filed a rule for termination or, in the alternative, reduction of alimony. Shortly thereafter Mrs. Duplantis filed a rule for an increase in alimony. After a joint hearing, the trial court rendered judgment denying both requests and maintaining alimony in the amount originally set. Mr. Duplantis has appealed.
In order to prevail on a rule to terminate or reduce alimony, the plaintiff must establish a sufficient change in the circumstances of either himself or the defendant, *482 between the time alimony was set and the hearing on the rule, to justify the termination or reduction. Arabie v. Arabie, 447 So.2d 22 (La.App. 1st Cir.1984). In the present case, Mr. Duplantis does not allege any change in his own circumstances. Rather, he contends there have been changes in the circumstances of Mrs. Duplantis which justify a termination or reduction in alimony. These alleged changes in circumstances are an increase in Mrs. Duplantis' income and means and her ability to work.
We find no merit to appellant's contentions with respect to Mrs. Duplantis' ability to work. At the hearing Mrs. Duplantis maintained she was unable to work because of health problems. However, even assuming Mrs. Duplantis is presently capable of employment, it was not established she was incapable of employment when alimony was originally set. Thus, since it was not shown there has been any change in circumstances regarding Mrs. Duplantis' ability to work, no reduction is justified on this basis. Gray v. Gray, 451 So.2d 579, 587 (La.App. 2d Cir.1984), writ denied, 457 So.2d 13 (La.1984).
We turn now to a consideration of the alleged increase in Mrs. Duplantis' income and means. This contention centers around certain assets received by Mrs. Duplantis as part of a community property settlement. These assets consisted of approximately $78,280.00 in cash and a promissory note executed by Mr. Duplantis in the amount of $65,000.00. Mr. Duplantis argues the trial court failed to properly consider these assets in determining Mrs. Duplantis' need for alimony.
Mrs. Duplantis testified she used approximately $25,000 of the cash received by her to pay federal income taxes. The remaining cash, approximately $53,000, was used to make a down payment and reduce the mortgage on a house purchased by Mrs. Duplantis subsequent to the divorce. Although this house was purchased in November of 1982 for a purchase price of $83,500, Mrs. Duplantis testified the current balance on her mortgage is only $30,219.90, due to the substantial cash payments made by her. Mrs. Duplantis currently resides in this house with the two children of the marriage.
Normally, a wife is not required to sell her home and deplete the proceeds in order to remain eligible for alimony. Vorisek v. Vorisek, 423 So.2d 758, 763 (La.App. 4th Cir.1982); Kean v. Kean, 388 So.2d 398 (La.App. 1st Cir.1980). This is particularly true where the home is used to provide housing for minor children. Kean, supra. The continued possession of a house will normally be considered sufficient to defeat alimony only where it involves large sums being tied up in extravagant housing. Id.
In the instant case we conclude the purchase of this house by Mrs. Duplantis was reasonable, particularly in view of her need to provide housing for her children. The house is not extravagant in any respect. While Mrs. Duplantis' $650.00 mortgage payment may perhaps be somewhat higher than the amount of rent she would otherwise be required to pay, it is fairly moderate by today's standards. Also, because Mrs. Duplantis was able to pay a large portion of the purchase price in cash, her monthly payments are considerably less than they otherwise might be, or she will be able to liquidate the indebtedness earlier, either situation being beneficial to all concerned. For these reasons, the continued possession of this house by Mrs. Duplantis does not provide any basis for a termination or reduction of alimony.
The only other asset of Mrs. Duplantis referred to by appellant is the promissory note executed by him on September 30, 1983 in the amount of $65,000. The terms of this note provide for seventy-one monthly installments to Mrs. Duplantis in the amount of $1,000 for the first twenty-four months, increasing to $1,500 for the next twenty-four months and then $2,000 for the following twenty-three months, with a final installment of all principal and interest due on the balance. The first installment was payable on November 1, 1983. Mr. Duplantis maintains the trial court erred in not *483 considering the monthly income received by Mrs. Duplantis from these installment payments when making its alimony determination.
An award of permanent alimony is allowed when a spouse who has not been at fault proves he or she is in necessitous circumstances, without sufficient means of support. La.Civ.Code art. 160; Arabie v. Arabie, supra. In determining eligibility for alimony, the means and assets of the claimant spouse, including their liquidity, are factors which must be considered. La. Civ.Code art. 160; Whipple v. Smith, 428 So.2d 1114, 1117 (La.App. 1st Cir.1983), writ denied, 433 So.2d 154 (La.1983). The extent to which a spouse must deplete his or her assets in order to receive alimony is insusceptible of any exact formula. Loyacano v. Loyacano, 358 So.2d 304, 311 (La. 1978), vacated on other grounds, 440 U.S. 952, 99 S.Ct. 1488, 59 L.Ed.2d 766 (1979). Courts must apply a reasonableness standard in making this determination, considering all the circumstances present. Id.
In the present case, we find the monthly installment payments received by Mrs. Duplantis are a liquid asset which can not be ignored. Whipple v. Smith, supra. After considering all pertinent factors, including the ages of the parties, their relative ability, education and work experience, Mrs. Duplantis' other financial obligations and particularly the potentially adverse effect a total depletion of this asset may have upon the children of the marriage, we conclude it is necessary for Mrs. Duplantis to deplete this liquid asset to some extent in order to contribute to her maintenance. However, we do not find it reasonable under the circumstances present to require a total depletion. After carefully considering all pertinent factors, we find an appropriate rate of depletion will be achieved by requiring Mrs. Duplantis to use income from these installment payments to pay her $650 monthly mortgage note.
Mrs. Duplantis claimed total monthly expenses of $1,704 per month, including her mortgage note. However, we note a nonallowable expense of $63 for the purchase of a video recorder was included in this amount. After deducting both this item and her $650 mortgage payment, which is to be paid from Mrs. Duplantis' installment income as indicated above, the total of her allowable expenses is $991. Since Mrs. Duplantis receives $818 per month child support, she is presently in need of only $173 per month in alimony to meet her expenses.[1] Accordingly, Mr. Duplantis is entitled to a reduction in his alimentary obligation to this amount.
For these reasons, we amend the judgment of the trial court to provide that appellant, Kenneth Duplantis, pay alimony to appellee, Betty Boudreaux Duplantis, in the amount of $173 per month. Costs of this appeal are to be paid equally by both parties.
AMENDED AND, AS AMENDED, AFFIRMED.
NOTES
[1] Appellant argues the expenses claimed by Mrs. Duplantis are excessive. In support of his argument he points out the trial court stated in its reasons for judgment it found Mrs. Duplantis' itemized expenses to be somewhat excessive. However, neither appellant nor the trial court pointed out any specific items which were excessive. We have carefully reviewed the expenses claimed and with the exception of the one nonallowable item, we do not find the total amount claimed to be excessive.