LAWRENCE A. CHEHARDY, Judge Pro Tern.
This is an appeal by the former husband from that portion of a judgment of divorce which condemns him to pay his former wife permanent alimony of $85 per month.
Michael Sonnier and Dineta Deshotel were married on August 31, 1968 and established a matrimonial domicile thereafter in Calcasieu Parish. One child was born of the marriage. The parties separated in 1982 and Mrs. Sonnier filed a suit for separation on the ground of abandonment. On June 13, 1983 she was awarded a legal separation, custody of the child, alimony pendente lite of $200 per month and child support of $300 per month. The judgment was silent as to fault.
On July 26, 1984 Mr. Sonnier filed a petition for a divorce on the ground of having lived separate and apart for a period in excess of one year. His wife answered and reconvened for permanent alimony of $200 per month, petitioning the court to find her free of fault.
Following trial, judgment of divorce was rendered in favor of the husband. There was judgment in favor of the wife, finding her legally free of fault, and a finding that the husband was at fault. She was awarded permanent custody of the child, child support of $300 per month, one-half of medical and related expenses not paid for by medical and hospital insurance, and $85 per month permanent alimony.
In this court appellant contends the trial court erred in finding that defendant did not have sufficient means for her support and in awarding her alimony. Alternatively he contends the award is excessive.
The statutory basis for alimony after divorce is LSA-C.C. art. 160. That article provides in pertinent part:
“A. When a spouse has not been at fault and has not sufficient means for support, the court may allow that spouse, out of the property and earnings of the other spouse, permanent periodic alimony which shall not exceed one-third of his or her income. * * *
“In determining the entitlement and amount of alimony after divorce, the court shall consider the income, means, and assets of the spouses; the liquidity of such assets; the financial obligations of the spouses, including their earning capacity; the effect of custody of children of the marriage upon the spouse’s earning capacity; the time necessary for the recipient to acquire appropriate education, training, or employment; the health and age of the parties and their obligations to support or care for dependent children; and any other circumstances that the court deems relevant.
“In determining whether the claimant spouse is entitled to alimony, the court shall consider his or her earning capacity, in light of all other circumstances.”
Mrs. Sonnier is employed as a relief secretary. She renders secretarial services for employees of PPG Corporation who are *1276 on vacation or sick leave. She itemized her monthly income and expenses as follows:
Gross Income $1,975.00
Payroll Deductions 931.70
Net Income $1,043.30
MONTHLY EXPENSES
Her Expenses Child’s Expenses
Housing $138.50 $138.50
Food and Supplies 145.00 145.00
Clothing 50.00 50.00
Medical and Dental 25.00 20.00
Transportation 80.00 80.00
Utilities 80.00 80.00
Laundry and Cleaning 10.00 10.00
Grooming 15.00 12.00
Educational 35.00 . 45.00
Fixed Obligations 37.00
Miscellaneous 190.00 5.00
Entertainment 20.00 60.00
Total $825.50 $645.50
The total monthly expenses for mother and child amount to $1,471. Including the $300 per month Mrs. Sonnier receives for child support, her net monthly income is $1,230.70, which is $128 less than her itemized requirements.
Appellee has a savings account of $225, a $1,500 CD received in the community property settlement, $300 in an IRA and $11,-000 in a company thrift plan. The thrift plan is not a liquid asset since it is only available upon retirement or termination of employment. She has a back problem which has been diagnosed as two ruptured discs, and in 1984 she had to miss three weeks of work because of it. She is still on medication which costs $10 per month. She bought a dishwasher with a $500 tax refund.
Appellee has the burden of proving necessitous circumstances. Frederic v. Frederic, 302 So.2d 903 (La.1974); Kean v. Kean, 388 So.2d 398 (La.App. 1st Cir.1980). Until that need has been demonstrated, the other spouse’s means are irrelevant. Moss v. Moss, 379 So.2d 1206 (La.App. 3d Cir. 1980).
Mrs. Sonnier’s itemized expenses appear to be necessary and reasonable. She claims, of necessity, she has been much more careful of her expenditures since her separation. She has proved both her need and that she does not have sufficient means for her support. Her testimony and evidence were uncontradicted.
As stated by our Supreme Court in Pearce v. Pearce, 348 So.2d 75, 78 (1977):
“ * * * In the area of domestic relations, much discretion must be vested in the trial judge and particularly in evaluating the weight of evidence which is to be resolved primarily on the basis of the credibility of witnesses. * * * The factual findings of the trial court are therefore to be accorded very substantial weight on review. * * * ”
After a careful evaluation of the record, we cannot say that the trial judge abused his discretion in weighing the evidence, applying the law, and awarding Mrs. Sonnier $85 per month. Appellant claims the award is excessive.
We do not agree.
Mr. Sonnier is a pharmacist. He earns $2,100 per month gross and $1,451.50 net per month. His expenses, including the $300 per month for child support, amount to $1,392.93 per month. He gives his child a personal allowance of $30 per month and would like to increase it. He officiates at football games and earns $300 additional during the football season. He also works some weekends for other pharmacists, but he does not get paid as he prefers to take time off instead. He expects to receive a tax refund of about $600.
The expenses listed by both parties indicate they are managing their income in a responsible manner. Mrs. Sonnier does need the small additional sum she has been awarded as alimony and Mr. Sonnier has the ability to pay.
For the reasons assigned, the judgment appealed from is affirmed.
AFFIRMED.