ARMSTRONG, Judge,
dissenting.
La.Civ.C. Art. 160 specifically states that the trial court may consider “any other circumstances that the court deems relevant.” In my opinion the court properly considered that Sharon Litwin’s aged parents live in a distant country, and allowing travel expenses for a yearly visit to her parents was well within the trial court’s discretion.
In addition, the trial court’s determination that Sharon Litwin was entitled to alimony depended in large part on its allowance of $930 per month for the payment of legal and CPA fees. Appellant argues that the $930 allowance for the payment of legal and CPA fees is excessive because at that rate Mrs. Litwin’s attorney’s fees will be paid off quite soon and Dr. Litwin would be forced to return to court quickly to show a change of circumstances entitling him to a reduction in alimony. I must disagree. Sharon Litwin’s expense statement indicated that she had been paying that amount in legal and accounting fees in the months prior to the hearing. While Dr. Litwin might disagree with Sharon Litwin’s method of discharging her obligations, we do not think that the trial court erred in including that amount as a legitimate monthly expense. Kean v. Kean, 388 So.2d 398, 401 (La.App. 1st Cir.1980).
For the foregoing reasons I would affirm the award of permanent alimony to Sharon Litwin but reduce the amount of the award.