GUIDRY, Judge.
On May 9, 1988, trial was held on plaintiff, Billy Ray Skinner’s, petition for a divorce based on living separate and apart for more than six months following judgment of legal separation and on Betty Napier Skinner’s demand for post divorce alimony. Judgment of divorce was rendered following trial, but Betty’s request for alimony was deferred. Thereafter on August 11, 1988, the trial judge rendered judgment in favor of Betty awarding her permanent alimony in the amount of $250.00 per month, retroactive to June 1, 1988. The trial judge also ordered that she receive one-half of Billy’s monthly retirement benefits retroactive to February of 1987. The judgment further directed that Billy make the necessary arrangements to have one-half of all future monthly benefits paid directly to defendant.
It is from that part of the judgment granting post divorce alimony and ordering the payment of a portion of the retirement benefits to Betty that Billy appeals.
ALIMONY
In Vesper v. Vesper, 469 So.2d 458 (La.App. 3rd Cir.1985), this court, reviewing the law governing post divorce alimony, stated:
“La.C.C. Art. 160 sets forth the criteria for determining an award of post divorce alimony. An award shall not exceed one-third of the payor’s income. The initial inquiry is a determination of whether the claimant spouse has sufficient means for her support. In considering whether the spouse has sufficient means, the courts examine the expenses required to procure the basic necessities of life, such as food, shelter and clothing. Also included in the determination are reasonable and necessary automobile expenses, medical and drug expenses, utilities, household expenses, and income tax liability arising from the alimony payments. Jordan v. Jordan, 432 So.2d 314 (La.App. 5th Cir.1983), writ denied, 438 So.2d 1111 (La.1983). [ ... ]
Factors to consider in determining the amount of alimony to be awarded include the income, means and assets of the spouses, the liquidity of the assets, the financial obligations of the spouses, including their earning capacity, the health and age of the parties and any other circumstances that the court deems relevant. Jordan v. Jordan, supra.
Much discretion is vested in the trial court in determining the amount of alimony. In the absence of a clear showing of abuse of discretion, the amount set by the trial judge will not be disturbed on appeal. Renfroe v. Renfroe, 428 So.2d *310 875 (La.App. 1st Cir.1983); Gautreaux v. Gautreaux, 382 So.2d 996 (La.App. 1st Cir.1980).”
The record reveals that the Skinners were divorced after more than 32 years of marriage. At the time of their divorce, Betty was employed four days a week by a law firm and grossed approximately $1,200.00 per month. There was no evidence introduced as to the value of the community property. Betty’s affidavit of monthly expenses reveals some $1,900.00 per month in allowable expenses. Billy’s financial statements show an income of approximately $3,900.00 per month and allowable expenses of approximately $1,500.00 a month.
Considering the foregoing, we find the $250.00 per month alimony awarded to Betty within the trial court’s much discretion.
RETIREMENT BENEFITS
While examining Betty, counsel for Billy pointed out that she was entitled to one-half of Billy’s retirement benefits from a local sheriffs department. Betty admitted that she was aware of her entitlement to one-half of the pension and stated that she had asked Billy about same and had been told she would get it “when the time was right”.
In his judgment of August 11, 1988, the trial judge ordered one-half of Billy’s pension paid to Betty. On appeal, Billy argues that the divorce proceeding was not the proper forum in which to order payment of this obligation as La.R.S. 9:2801 provides the exclusive method for partitioning community property and settling claims arising from matrimonial regimes. Appellant correctly points out that no partition has been filed; Betty did not pray for an award of one-half of Billy’s pension; and, that piecemeal partition of community assets is disfavored. In Hicks v. Hicks, 497 So.2d 44 (La.App. 3rd Cir.1986), a panel of this court stated:
“... La.R.S. 9:2801 provides in pertinent part that ‘[w]hen the spouses are unable to agree on a partition of community property or on the settlement of claims between the spouses arising from the matrimonial regime, either spouse, upon termination of the matrimonial regime, or as an incident of the action which would result in the termination of the matrimonial regime, may institute a proceeding, which shall be conducted in accordance with [La.R.S. 9:2801].’ Our jurisprudence states that this statute provides the mandatory procedure for the judicial partition of community property in settlement of claims arising from the matrimonial regime. Johnson v. Johnson, 473 So.2d 112 (La.App. 3rd Cir.1985); Hall v. Hall, 460 So.2d 1053 (La.App. 2nd Cir.1984).
We also note that our jurisprudence does not favor the piecemeal partition of community assets through a judicial proceeding for partition. Johnson v. Johnson, supra; Hall v. Hall, supra; Daigre v. Daigre, 230 La. 472, 89 So.2d 41 (1956).”
Inasmuch as this proceeding was not conducted in compliance with La.R.S. 9:2801, we find that the trial court erred in rendering a judgment partially partitioning the community of acquets and gains generated by the Skinner matrimonial regime. Accordingly, we vacate and annul that portion of the trial court judgment awarding Betty Napier Skinner one-half of the monthly retirement benefits of Billy Ray Skinner. In all other respects the judgment of the trial court is affirmed. Costs of this appeal are to be borne equally by the parties.
REVERSED IN PART AND AFFIRMED IN PART.